JAMES D. LUCAS, Respondent, v. PATRICK MCCANN *et al.*,
Appellants.

St. Louis Court of Appeals, October 25, 1892.

1. **Pleading:** SPECIAL TAX BILLS. When a landlord seeks to recover the amount of a special tax bill for the improvement of a street in the city of St. Louis, which he has paid, basing his action on a covenant by the lessee to pay taxes, general and special, it is not necessary for him to plead all the evidentiary facts going to show the validity of the tax or assessment; in such case he may plead the assessment of the tax, by averring, in general terms, that the tax bill was legally assessed and issued, since the tax bill is *prima facie* evidence of its own validity.

2. ———: COVENANT BY LESSEE TO PAY SOCIAL TAXES: LIABILITY FOR ASSESSMENT FOR STREET IMPROVEMENTS. A covenant by a lessee to pay special taxes *prima facie* includes an assessment for street improvements.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*John J. McCann* and *E. J. O'Brien,* for appellants.

(1) The petition must show that the ordinances were passed upon the recommendation of the board of public improvements. Charter of St. Louis, R. S., art. 6, sec. 14, p. 2122. (2) The first part of the covenant to pay "all city, county and state taxes" does not obligate defendants to pay assessments for street reconstruction. Charter of St. Louis, secs. 1, 2, 3; Constitution of Missouri, art. 10, secs. 1, 8, etc.; *Beals v. Railroad,* 11 R. I. 381; *Barry v. Cemetery Ass'n,* 10 Mo. App. 587; 1 Desty on Taxation, p. 6; *Garrett v. City of St. Louis,* 25 Mo. 509; *Adams v. Lindell,* 5 Mo.

App. 197; Wood's Landlord & Tenant [2 Ed. 1888] p. 957, etc., referring to 22 Mo. App. 8. (3) The second part of the covenant to pay "all other taxes and demands of every description, nature and kind whatsoever, which may from time to time be legally required or demanded of said premises, whether general tax or special tax," applies to the demands of the "city, county and state" class specified in the first part of said covenant. Sedgwick on Statutory & Constitutional Law, 423; *Grumley v. Webb*, 44 Mo. 444; *City v. Laughlin*, 49 Mo. 563; *Miller v. Magenhauser*, 18 Mo. App. 11; *City of St. Joseph v. Porter*, 29 Mo. App. 609; *City of Hannibal v. Price*, 29 Mo. App. 285; *Knox City v. Thompson*, 19 Mo. App. 526; 1 Story on Contracts, 786, 787; *Moore v. Magrath*, 1 Com. 9.

*Lubke & Muench*, for respondent.

(1) In reply to the first point made by appellants, it will suffice to say that this is an action for a breach of the covenant of a lease in not paying certain special taxes levied against the leased property. By the terms of such covenant the lessee was to pay all such special taxes; the petition averred a failure to make such payment, and, hence, the breach was complete. Had the present been an action upon the tax bills themselves, the fact of their existence would have been *prima facie* evidence of all the facts necessary to their validity. City Charter, art. 6, sec. 25; *City of Nevada v. Morris*, 43 Mo. App. 586. Every requirement of pleading, therefore, was answered in alleging that such special tax bills were duly issued and remained unpaid. To ask for more would extend such requirements *ad infinitum*. (2) This case falls so clearly within the rulings of this court in the cases of *Thomas v. Pump Co.* 22 Mo. App.

9; s. c., 28 Mo. App. 563; *Clemens v. Knox*, 31 Mo. App. 185, that we may well invoke the rule *stare decisis*.

ROMBAUER, P. J.—The plaintiff is lessor, one of the defendants is lessee, and the other two are assigns of the lessee, of certain premises in the city of St. Louis fronting on Market and Chestnut streets between Twelfth and Thirteenth. The plaintiff recovered a judgment herein against the three defendants for the aggregate amount of two special tax bills assessed during the term of the lease for street improvements. The defendants, appealing, assign for error that the petition fails to state a cause of action, and that the evidence fails to support the verdict.

The petition states in substance the execution of the lease (containing the covenant hereinafter fully set out), and its assignment with the plaintiff's consent. It then states that the municipal assembly of the city of St. Louis legally enacted ordinances to reconstruct Market and Chestnut streets between Twelfth and Eighteenth streets, that the work was let to a contractor who completed it, whereupon the president of the board of public improvements, having made the proper computation, assessed and issued the two special tax bills in controversy for amounts chargeable for such improvement against the property let to the defendant McCann, which fronted on such improvement; that, under the covenant of the lease, the defendants were liable to pay such taxes, but failed and refused to do so, whereupon the plaintiff paid them, and now sues to recover the amount so paid. The petition does state with unnecessary detail the history of the entire improvement, but does not state in so many words that the ordinances were passed upon the recommendation of the board of public improvements. This alleged omission is claimed by the

defendant as fatal. We know of no rule of pleading, that requires the plaintiff in an action of this kind to set out the evidentiary facts that go to show the validity of the tax or assessment. It would have been sufficient for him to allege in general terms that the tax bills were legally assessed and issued, since such tax bills, when formally correct, are *prima facie* evidence of their own validity. If any fact exists to rebut this *prima facie* showing, it is matter of defense. The petition in this case, instead of stating less than required, states a great deal more, and the defendants are in no position to complain.

The covenant of the lease sued upon is in the following words: "The said party of the second part, for himself and legal representatives, hereby covenants with said lessor, or his heirs and legal representatives, to pay all city, county and all *other* taxes *and demands* of every description, nature or kind whatsoever, which may from time to time be legally required or demanded of said premises, whether general tax or *special tax.*" (The italics are our own.) The defendants contend that, under the rule of construction which requires that, when general words follow particular ones, the former are construed as applicable to things or persons previously mentioned, this covenant does not cover a special assessment or tax of this character. *City of St. Louis v. Laughlin*, 49 Mo. 563; *Knox City v. Thompson*, 19 Mo. App. 526. That argument entirely overlooks the fact, that the covenant, after binding the defendant to pay all city, county and state taxes, binds him to pay all other taxes and *demands* legally required of said premises, expressly mentioning special taxes. We have decided in *Thomas v. Steam Pump Co.*, 22 Mo. App. 8, that the words, special tax, *prima facie* cover an assessment

made for street improvements, and have necessarily so decided by implication in the later case of *Clemens v. Knox*, 31 Mo. App. 185.   In the case at bar the defendant gave no evidence tending to show that these words were used in a different sense in this instrument, but the plaintiff gave evidence of a general understanding in this community to the effect that the term, special tax, means almost exclusively assessments of this character.

It results from the foregoing that the defendants' second exception is likewise without merit, and that the judgment must be affirmed.   So ordered.   All the judges concur.