## EMMONS v. QUADE et al., Appellants.

### Division Two, June 9, 1903.

1. **New Trial:** OTHER REASONS THAN THOSE STATED. The respondent to whom the trial court has granted a new trial on the ground that it erred in giving a certain instruction, is not precluded, on appeal, from insisting that he was entitled to a new trial on other grounds assigned in his motion therefor. If the court's action in granting a new trial can be sustained on any of the grounds assigned in the motion, the court's order in awarding it will be sustained, although the reason the trial court gave for granting it was not sound.

2. **Trespass:** JUSTIFICATION: ARREST: LIABILITY FOR EMPLOYEE'S TRESPASS. Although plaintiff may have been a trespasser in gleaning loose grains of wheat in defendant's stationary car, yet, if he was guilty of no criminal offense, this trespass did not justify defendant and its employees in assaulting him with a club, or in imprisoning him in the car in order to turn him over to the police, and if as a result of such treatment plaintiff became much frightened and in attempting to escape fell and injured himself, his action is not one for negligence, but for trespass against his person. In such case defendant had no right to turn plaintiff over to the police, but the efforts of defendant's employees in that direction were wrongful and unlawful, and defendant is liable for the necessary and natural consequences of their acts.

3. ————: EXPULSION BY FORCE: LIABILITY. Before the owner of a car in the yards of a mill is justified in using force towards a boy who has climbed into the car to glean such loose grains of wheat as may be found there, it is his duty to order him to leave and give him a reasonable opportunity to do so, and even then he can use only such force as is necessary for that purpose. And the use of a club by a grown man on a small boy, or an endeavor to imprison him in a car and turn him over to the police, is more force than necessary, and makes the action of the man and of his employer (the owner of the car) trespass, and both of them liable in damages for whatever injury naturally results from their action.

4. ————: WANTON ASSAULT: INSTRUCTION. Where defendant's action towards a boy who has climbed into its wheat car, is a wanton assault and battery, or an unwarranted attempt to arrest him, and the suit is brought on that theory for the consequent injuries naturally resulting from its conduct, and the answers are general denials, the instructions should contain no preamble in regard to defendant's efforts to keep boys away from the cars and prevent their being hurt.

5. ———: ———: ———: CONTRIBUTORY NEGLIGENCE. Nor should the instructions in such case permit the jury to find for defendant if plaintiff was injured by his own contributory negligence in getting out of the car. Contributory negligence is no defense to an unlawful assault.

6. ———: PLEADING: ACTION FOR NEGLIGENCE. Where it is evident that plaintiff is seeking to recover for a willful trespass upon his person, the word "negligently," used in the petition in connection with the words "wantonly, wrongfully and unlawfully drove by force and threats," etc., will not be held to tender the issue of negligence, but to be mere surplusage.

7. ———: FORCE: INSTRUCTIONS. It is error to instruct the jury that defendant was authorized to *drive* a trespasser, a boy twelve years old, from a car standing in his mill yard, without requiring the defendant to notify him or order him out, and without limiting the amount of force that defendant might lawfully use.

8. ———: ———: ———: CONTRIBUTORY NEGLIGENCE. In an action against a milling company by a boy twelve years old for willful trespass upon his person, the court told the jury that if plaintiff, frightened by the efforts of defendant's employees to imprison him for being found in one of defendant's cars which was standing in the yards of the mill, and by his threats, jumped and fell or stumbled and broke his arm in his efforts to avoid being shut up in the car and to avoid the threatened imprisonment, defendant was not liable. *Held*, erroneous for two reasons: *first*, it tendered plaintiff's contributory negligence as a defense, when negligence is not an issue in a case for willful trespass; *second*, its effect was to mislead the jury into regarding it as legal and proper for defendant's employees to frighten the boy by threats or by attempting to imprison him in the car.

Appeal from Jackson Circuit Court.—*Hon. Roland Hughes*, Special Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellants.

The only proposition presented in this case is as to whether or not the court was right in granting a new trial for any error in the giving of instruction 5 for and on behalf of the defendants. This is the sole ground upon which the motion for a new trial was granted, and we contend that the court was wrong in

granting a new trial for this reason, and that the judgment of the lower court must be reversed and the court directed to enter judgment for the defendants. The first count of plaintiff's petition was based upon the allegation and theory that the acts of the defendants were "wanton, wrongful and unlawful." The second count of the petition was based upon the allegation that the defendants "negligently, recklessly, wantonly, wrongfully and unlawfully drove the boys from the cars by means of threats to do bodily harm." It will be seen, therefore, that the two counts of the petition presented two different phases of the transaction. The first one alleging that it was wrongful and wanton, and the second one alleging that the act was negligent, reckless, wanton, wrongful and unlawful. Instruction 5 was an instruction which covered both phases of the case in either count of the petition. That instruction presented to the jury the proposition that if the defendants were not guilty of negligence and did not use any violence, etc., then the plaintiff was not entitled to recover. The counsel for plaintiff in presenting their motion for a new trial to the lower court, and the lower court itself, took the view, as we understand it, that this instruction was wrong because it used the word "negligence," and evidently overlooked the fact that the second count of their petition was framed upon negligence as well as violence and wantonness, and sustained the motion on the theory that the use of the word "negligence" in the instruction ought not to have been permitted. In this the court was certainly in error, because violence and negligence were the two issues tendered by the pleadings and relied upon by the plaintiff in its petition.

*Shannon C. Douglass* and *Philip D. Clear* for respondent.

(1) Defendants contend that, in as much as the trial court in its order assigned a specific reason for

sustaining plaintiff's motion for new trial, he is precluded from now insisting that the motion should have been sustained on any of the other grounds therein stated. That is not the law. On this appeal all the grounds alleged in the motion may be considered; and if it be found that the trial court should have sustained the motion on any other ground than that mentioned in its order, then its action will be upheld, even though the reason given by it for its ruling was insufficient. (2) The evidence as a whole shows conclusively that the purpose and plan of defendants were to imprison the plaintiff in the car by shutting the doors, and thereby keeping him as a prisoner until the police could arrive and then turn him over to the police. Such conduct, on the part of defendants, was a wrongful and unlawful act, a false imprisonment committed upon the plaintiff, and a trespass to his person. No felony had been committed by plaintiff, nor is there the slightest suggestion in the record that there had been. The commission of a felony is the only ground on which a man, much less a boy of the tender age of twelve years, could have been lawfully thus imprisoned. State v. Davidson, 44 Mo. App. 518; State v. Grant, 76 Mo. 236, 79 Mo. 134. (3) The defendants must first have directed plaintiff to leave the car before they could lawfully attempt to close the doors or use any other force to remove him from the cars. In cases where there is a necessity for the use of physical force, no more force should be used than becomes necessary to remove or eject the offender or trespasser. Elliott v. Railroad, 52 S. W. 833; State v. Reed, 154 Mo. 122; Norris v. Whyte, 158 Mo. 20; Lillis v. Railroad, 64 Mo. 476. (4) Where an injury is the result of a wanton and willful act, or where the "mischief is occasioned by intentional and wanton wrongdoing," on the part of another, such conduct constitutes a trespass, and, in an action for damages therefor, contributory negligence on the part of the plaintiff can not be pleaded as

a defense.    In a civil action for damages for a tres-
pass to the person, it devolves upon the defendant to
show that the injury was "utterly without his fault,"
for otherwise no man should be excused for a trespass.
Morgan v. Cox, 22 Mo. 377; Gray v. McDonald, 104
Mo. 313; Raming v. Railroad, 157 Mo. 507; Ruter v.
Foy, 46 Iowa 132; Beach on Contributory Negligence
(3 Ed.), sec. 64; 1 Shear. & Redf. on Negligence (5 Ed.),
sec. 64.

GANTT, P. J.—This is an appeal from an order
of the circuit court of Jackson county, granting plain-
tiff a new trial.    The action is for damages for personal
injuries.    The plaintiff is a boy about twelve years old,
rather small for his years.

Just prior to the trespass to his person, of which
he complains, he had gone with some other boys into
an empty box car standing in the yards of the Kansas
City Milling Company to gather up the wheat left
therein when unloaded.    While other boys had been
in the habit of going into these empty cars and glean-
ing the loose wheat and corn left therein, this was plain-
tiff's first visit.    The company, it seems, was annoyed
by the boys and ordered Quade to keep them out.    On
August 3, 1898, Quade discovered some boys, including
plaintiff, in one of the cars.    The car was standing
east and west, and both doors, that on the north and
the one on the south, were open.    Quade ordered Kem-
per, another employee, to close the south door quickly,
and at the same time he attempted to shut the north
door.    Plaintiff's testimony tends to show that Quade
had a club in his hand at the time, and just as he under-
took to close the north door, exclaimed to the boys with
an oath, "Get out or I will hurt you."    Plaintiff was
greatly frightened at the threat and action of Quade
and the prospect of being imprisoned in the car, and
endeavored to escape out of the north door, which for
some reason Quade did not succeed in closing entirely.

The evidence for plaintiff tended to show that Quade not only shoved the door violently against his side and left arm, but struck him with the club on the left arm, and by reason of the shove and the blow he fell to the ground and sustained a fracture of the bone of his left arm and of the cap of his elbow, resulting in a permanent injury.   He sued for $4,000 for compensatory and $1,000 exemplary damages.

For the defendant the evidence shows that Quade was acting under the orders of the milling company; that he was endeavoring to catch the boys in the car and turn them over to the police; that he did not strike plaintiff with a club at all or even strike at him; that in escaping from the car plaintiff got caught on the foot of another boy or some obstruction, which threw him sideways and caused him to fall on his left shoulder, and it was in this way he received his injury. Quade denied swearing at the boys and threatening them.   The defendant's evidence also tended to show the injuries were not so serious as claimed by plaintiff and that defendants were using reasonable means to keep the boys from trespassing on the property of defendant.

The jury returned a verdict for defendant, and thereupon in due time plaintiff filed his motion for new trial, which the court sustained.   This appeal is based upon the alleged error in sustaining this motion.

The grounds of the motion for new trial were briefly that the court erred in giving for defendant instructions numbered 3, 4, 5, 6 and 7; that instruction 5 for defendant was contradictory of instructions numbered 1 and 3 given for plaintiff.   The court granted a new trial and specified in its record that it erred in giving instruction number 5 for defendant.

I.   Preliminary to an examination of the question whether the court erred in granting a new trial on the ground that its instruction numbered 5 for defendant was erroneous, counsel have earnestly pressed us to

hold that inasmuch as the circuit court only granted the new trial for the one error, plaintiff is precluded on this appeal from insisting the court erred in giving any other instruction or in any other respect. Counsel for defendant insists that this is the rule announced in Candee v. Railroad, 130 Mo. 142. This is a misapprehension of that case. We said in that case:

"If the trial court assumes to set aside a verdict for any reason not contained in the motion, it is still its duty to specify that reason upon the record, but, whatever the grounds for its order, it was clearly the intention of the statute to give the right of appeal from its decision thereon, and if in the opinion of the appellate court its reasons are insufficient the verdict must stand and the cost of another trial avoided, *in the absence of affirmative showing by the party in whose favor the new trial was granted that it was properly set aside on other grounds.*"

In that case, as in Bradley v. Reppell, 133 Mo. 545, no other exceptions to evidence or instructions had been taken and so the one instruction on which the court granted the new trial was the only point before us for review. In this case the plaintiff, as the record discloses, duly excepted to defendant's instructions 3, 4, 5, 6 and 7, and insisted that defendant's instruction 5 was in conflict with plaintiff's instructions 1 and 2. So that the facts are entirely different from those disclosed in the Candee and Reppell cases. Here, as was said in that case, the plaintiff insists on making the "affirmative showing" that the new trial was properly granted on other grounds than the giving of the erroneous instruction number 5. This we hold may be done, and such is the settled practice in this court.

In Hewitt v. Steele, 118 Mo. 463, this court said: "It is thus made apparent that the opinion of the court in sustaining the motion for new trial did not become a part of the record of the court, and in this respect did not comply with the mandate of the law. *But even*

*if it did, if the court's action in granting the new trial
can be sustained upon any ground shown by the rec-
ord,* and proceedings in the cause, the judgment must
be affirmed.''

This is the universal holding when the court neg-
lects to specify on its record the ground on which it
sustains the motion.   [Kreis v. Railroad, 131 Mo. 533;
Bank v. Wood, 124 Mo. 72.]

The party obtaining the new trial has no occasion
to appeal, but if he causes the record to set out his
grounds for new trial in full, he is not precluded from
showing by the record brought to the appellate court
by his adversary, that he was entitled to the new trial,
notwithstanding the trial court only specified one, and
that one perhaps not a sufficient reason, for granting
the new trial.   [Bradley v. Reppell, 133 Mo. 560; Ha-
ven v. Railroad, 155 Mo. 216; Thompson v. Railroad,
140 Mo. 125.]

It follows, then, that if the court erred in giving
the other instructions specified in his motion for a new
trial by the plaintiff, the order granting the new trial
was properly granted, although the court thought error
had been committed only in giving defendant's instruc-
tion 5.

Without incumbering this opinion with all of the
pleadings and instructions, it will suffice to say that
the plaintiff tried the case on the theory that Quade,
acting by the direction of his co-defendant, the milling
company, was guilty of a wanton and willful trespass
and assault upon the plaintiff by beating him with a
stick, and, by frightening him by curses and threats of
assault, caused him to fall from the car and break his
arm, and the instructions embodied the principle that
although the plaintiff was a trespasser by playing in
the car, the defendants had no right to use more force
than was necessary to eject him, and if they did as-
sault him and beat him with a stick, or by attempting to
close the doors of the car and by curses and threats

of violence so frighten him as to cause him to fall from the car and break his arm, then plaintiff was entitled to recover. They are in the usual and proper form in such cases, except the instructions were entirely too long, a vice that circuit courts ought to discourage and discountenance.

For the defendant the court instructed the jury in the fifth instruction that the plaintiff was a trespasser and the defendants had a right *to drive him* out of the car, and that if defendant, the milling company, through its employees, was using ordinary means to threaten the boys or scare them and was not guilty of *any negligence* in the means used and did not use any violence to plaintiff, but that plaintiff was frightened and scared and feared that he might be locked up in the car, and in his effort to escape from the car he fell because of his fright, defendant was not responsible.

The plaintiff's case was *not* founded on *negligence.* It was an action for trespass against his person, and although he was a trespasser in the car, this did not justify defendant and its employees in assaulting him with a club, nor did it justify them in imprisoning him in the car, as Quade testified he was endeavoring to do, in order to turn him over to the police.

Although trespassers, these boys were guilty of no criminal offense, and there is no evidence that they were. There was not even a suspicion that they were guilty of any criminal offense which would justify the defendant or its servants in imprisoning them, and when Quade admits that he was endeavoring to imprison the plaintiff and his companions in order to turn them over to the officials of the law, and in his effort to do this so frightened plaintiff, that in his effort to escape he fell and broke his arm he was guilty of an unlawful trespass against the plaintiff. His act was a wrongful and unlawful assault, and he and his principal were liable for the necessary and natural consequences of the unlawful effort to arrest him. The police officers would

not have been authorized to arrest plaintiff without a warrant for a misdemeanor not committed in their presence and it is not insisted there was the slightest suspicion that he had committed a felony. [State v. Holcomb, 86 Mo. 380, 381.] In our opinion the instruction was clearly erroneous in excusing the defendants for any injury which the plaintiff sustained in his effort to escape from a wrongful and unlawful arrest or imprisonment which was about to be imposed upon him.

Before the defendants were justified in using force to remove plaintiff from the car, it was their duty to have first ordered him to leave and given him a reasonable opportunity to do so, and even then they could only use such force as was necessary for that purpose, and as plaintiff was a small boy, only twelve years old, and Quade a grown man, his removal could easily have been effected without the use of a club and without imprisoning him in the car.

Moreover, the evidence of defendant Quade shows that his purpose was not to remove the boy from the car, but to imprison him in it, hence, all the preamble of this instruction in regard to the efforts of the defendant and its employees to keep the boys away from the cars and prevent their being hurt, is inapplicable to the issue tendered by plaintiff, which was a wanton assault and battery and an unlawful attempt to arrest plaintiff, and the answers were general denials.

This instruction five, as also the third, fourth, and sixth given for defendant, all in effect permitted the jury to find for defendant if plaintiff was injured by his own *contributory negligence* in getting out of the car. Contributory negligence is no defense to an unlawful and intentional assault, and all these instructions are erroneous to that extent. [Gray v. McDonald, 104 Mo. 313; Beach on Cont. Negligence, sec. 22; Morgan v. Cox, 22 Mo. 387; 1 Shearman and Redfield on Negligence (5 Ed.), sec. 64.]

Defendant insists that plaintiff tendered the issue of negligence in his petition, and it is true that in the second count the word "negligently" is used, but it is so coupled with the words "wantonly, wrongfully, and unlawfully drove by force and threats," etc., that it is evident that the pleader was seeking to recover *for a willful trespass* and not a negligent act, and hence it was mere surplusage. Nor was the case tried on such a theory. It was tried as a willful and unlawful trespass to plaintiff's person, and plaintiff's instructions are so limited.

The defendant's instructions are contradictory of plaintiff's and were erroneous. Besides, it was improper to charge that defendant was authorized to *drive* the boy, a child only twelve years old, without requiring defendant to notify or order him out of the car and without limiting the amount of force that defendant might lawfully use. Instructions 3 and 6 for defendant assert in substance that if the plaintiff, frightened by Quade's effort to imprison him and by his threats, in his efforts to avoid being shut up in the car and to avoid the threatened injury, jumped and fell or stumbled and fell, defendant is not liable. Besides containing the error of tendering plaintiff's contributory negligence as a defense, its effect was to mislead the jury into regarding it as entirely legal and proper for defendant to frighten the plaintiff by threats and by attempting to imprison him in the car and that if he was hurt by reason of such conduct defendant was not liable if the jury should find that as a matter of fact Quade did not strike him with the stick, though plaintiff and his companions all testified that he did. Considering the age of the plaintiff and his want of experience, and the uncontradicted facts that he had never been about the cars before that day, and the sudden closing of the south door of the car, and the appearance of Quade with a club, the facts tend strongly to prove at least an unlawful assault for which defendants are

liable even if Quade did not strike him with the stick which several disinterested witnesses testify he had in his hand when the boy fell out of the car. We think the instructions for defendant were erroneous and were well calculated to induce the jury to bring in a verdict contrary to the law. The judgment of the circuit court in granting a new trial is affirmed.

All concur.