CITY OF JOPLIN ex rel. CARTHAGE DIMENSION & FLAG STONE COMPANY, Respondent, v. ETTA J. HOLLINGSHEAD, Appellant.

**Kansas City Court of Appeals, March 4, 1907.**

1. **TAXBILLS: Sewers: Pleading: Prima Facie Case.** A taxbill issued in the manner and form prescribed by the statute has verity stamped on its face and the action for its enforcement is on the taxbill and not for the work and labor done and the constitutive facts necessary to be alleged are: the making of the bill, its contents with the dates thereof, its assignment and the filing of the same, and the property to be charged with the lien. [Cases considered.]

2. ———: ———: **Ordinance: Dimensions.** An ordinance is examined and held to sufficiently specify the dimensions of the sewer ordered thereby; inlets, manholes, etc., are appendages of a sewer and are matters of detail not necessary to be specified in the ordinance.

3. ———: **Sidewalks: Resolution: Publication: Grading: General Revenue.** The statute does not require a resolution declaring the necessity for the construction of a sidewalk nor the publication thereof; and the grading of a sidewalk is a part of its construction and no resolution or publication is necessary therefor nor is it necessary that the council declare by resolution that the general revenue fund is insufficient to pay therefor before the taxbill can be charged against abutting property.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Cole, Burnett & Williams* and *S. H. Claycomb* for appellants.

(1) The petition nor either count thereof states any cause of action. Irvin v. Devors, 65 Mo. 625; Heman v. Allen, 156 Mo. 534; Stifel v. Dougherty, 6 Mo. App. 441. (2) The sufficiency of the petition must be determined alone by the allegations contained therein and the

Joplin ex rel. v. Hollingshead.

want of proper and necessary allegations cannot be aided by considering the instruments filed as the basis of the action. Vaughan v. Daniels, 98 Mo. 230; Pomeroy v. Fullerton, 113 Mo. 440; State to use v. Samuels, 28 Mo. App. 649; Merrill v. Trust Co., 46 Mo. App. 236; Pier v. Heinrichoffen, 52 Mo. 333; McConey v. Wallace, 22 Mo. App. 377; Scott v. Robards, 67 Mo. 289. (3) Before the council could legally enter into a contract for the construction of the sewer, an estimate of the cost thereof should have been made by the city engineer or other proper officer and submitted to the council. R. S. 1899, sec. 5858, subd. 8; Kirksville ex rel. v. Coleman, 103 Mo. App. 220; Wheeler v. Poplar Bluff, 149 Mo. 36; DeSoto ex rel. v. Showman, 100 Mo. App. 323; R. S. 1899, sec. 5772; Kuspfi v. Roofing Co., 92 Mo. App. 292. (4) The ordinance under which the sewer was constructed does not specify the dimensions of the sewer and does not sufficiently designate the materials for constructing the same. St. Joseph ex. rel. v. Wilshire, 47 Mo. App. 125; Brick Mfg. Co. v. Hamilton, 51 Mo. App. 120; R. S. 1899, sec. 5848; Carroll v. Eaton, 2 Mo. App. 479. (5) The ordinance under which the sidewalk was constructed is insufficient, and void, for the reason, that the city council did not before its enactment and the letting of the contract declare by resolution that the work of building the sidewalk was necessary to be done. Neither did they include and describe therein the work of bringing the portion of the street proposed to be improved to an established grade. R. S. 1899, sec. 5859.; R. S. 1899, sec. 5860; Oliver v. Kansas City, 69 Mo. 83; Hicks v. Jamison, 10 Mo. App. 35; State ex rel. v. Johnson, 132 Mo. 109; Kansas City ex rel. v. Askew, 105 Mo. App. 84.

*Pearson & Butts* for respondents.

(1) The petition in this case is sufficient. It is so because of the prima facie effect the statute gives to the bill, even though the statute be silent as to the man-

ner of pleading it. The petition alleges the making of the bill, the assignment, the filing the same, that the defendant owns the lot, and it sets out *in haec verba* the bill, making it a part of the petition. Carthage v. Badgley, 73 Mo. App. 123; Bank v. Trustee, 68 Mo. App. 144; Vieth v. Planet P. & F. Co., 64 Mo. App. 207; Lucas v. McCann, 50 Mo. App. 638; Hannibal v. Bowman, 98 Mo. App. 103; Heman v. Farrish, 97 Mo. App. 393; Gibson v. Farrell, 106 Mo. 437; Weaver v. Harlan, 48 Mo. App. 319. (2) Mere clerical and ministerial offices may be performed by another. Heman v. Farrish, 97 Mo. App. 401; Akers v. Kolkmeyer, 97 Mo. App. 520; Trenton v. Collier, 68 Mo. App. 494; Neenan v. Smith, 60 Mo. 292. (3) The ordinance under which this sewer was constructed was sufficiently specific as to dimensions and materials. R. S. 1899, sec. 5848; Gibson v. Owen, 110 Mo. 445; Gibson v. Farrell, 106 Mo. 437; Siebert v. Tiffany, 8 Mo. App. 37. Plans and specifications referred to and provided by the ordinance are by adoption a part of the ordinance. St. Joseph v. Landis, 54 Mo. App. 315; Roth v. Hax, 68 Mo. App. 283; Akers v. Kolkmeyer, 97 Mo. App. 529. (4) The law did not require, for sidewalk construction, "including the grading therefor," the preliminary resolution it imposed when "paving, macadamizing, guttering and curbing" were contemplated. Appellant would construe the expression, "No such publication shall be necessary," as meaning no such publishing. R. S. 1899, sec. 5860; Marionville v. Henson, 65 Mo. App. 402.

JOHNSON, J.—Action on two special taxbills issued by a city of the third class. The subject of the first count in the petition is a sewer bill and that of the second a bill for the construction of a sidewalk. Plaintiff recovered judgment on each count.

It is insisted by defendant that neither count contains the statement of a cause of action. In the first,

after alleging the incorporation of the city of Joplin
as a city of the third class, the petition states "that on
the 11th day of March, 1899, the said city of Joplin
by its proper officers duly authorized so to do, issued to
one, E. J. Overly, a certain special taxbill and that said
E. J. Overly thereafter and before the bringing of this
action for a good and valuable consideration duly as-
signed the said special taxbill to the said Carthage Di-
mension and Flag Stone Company, a copy of which tax-
bill together with the indorsements thereon is as fol-
lows." Then appear the contents of the taxbill and
assignment thereof, after which it is alleged that defend-
ant is the owner of the lot against which the bill was
issued. The second count is identical in form with the
first.

The recitals of the taxbills thus pleaded show the
performance of the conditions essential to their validity.
The pleading is sufficient to state a cause of action. The
statute, under which the bills were issued, contains the
provision, "Such special taxbills shall in any action
thereon be prima facie evidence of the regularity of the
proceeding for such special assessments, of the validity
of the bill, of the doing of the work and furnishing of
the materials charged for, and of the liability of the
property to the charge stated in the bills." [R. S. 1899,
sec. 4858.]

Defendant, noting the absence from the statute of
any provision similar to that found in Revised Statutes
1889, relating to cities of the second class (section 1407),
which declares that "it shall be sufficient for the plaintiff
to plead the making and issue of the taxbill sued on,
giving date and contents thereof, and assignment thereof
in case of assignment, filing the same, and allege that
the party or parties made defendants own or claim to
own the land charged," etc., argues that the provision
under consideration, which deals only with the character
of the taxbills as evidence, has no relation to the plead-

ing of a cause of action founded on such taxbill and therefore the statement in the petition of such cause of action must be governed by the general rules of pleading, which require the allegation of constitutive facts and do not permit the pleader to compel his adversary to resort to the inspection of instruments filed as exhibits or copied into the petition to ascertain what facts are relied on to sustain the cause of action asserted. The answer to this argument is that the prima facie character of the taxbill as evidence raises a presumption in favor of the validity of the instrument that abides with it from the time it is issued through the course of its existence or until the presumption has been overthrown by affirmative proof to the contrary. When issued in the manner and form prescribed by statute, verity is stamped on its face. A suit brought for its enforcement is one on the taxbill and not for the work and labor done and materials furnished, and, as the taxbill is presumptively valid, the constitutive facts necessary to be alleged in stating the cause of action it supports are thus stated in City of Carthage v. Badgley, 73 Mo. App. l. c. 125, where we had this statute under consideration on the precise point now before us: "First, the making of the taxbill; second, the contents of such taxbill with dates thereof; third, the assignment; fourth, the filing of the same; and fifth, that the defendant owned the lot described and against which the lien was sought to be enforced." We mentioned in that opinion the similarity between the statute under consideration and section 1407, Revised Statutes 1889, evidently concluding, as we do now, that the express provision in the latter section relating to pleading was but declaratory of the general rule applicable.

The same view was entertained by the St. Louis Court of Appeals in Vieths v. The Planet Co., 64 Mo. App. 207, where the taxbill was issued under a section of the St. Louis charter that contained a provision sim-

ilar to that under consideration and did not contain one expressly relating to pleading. The cases cited by defendant, Irvin v. Devors, 64 Mo. 625; Heman v. Allen, 156 Mo. 534; Stifel v. Dougherty, 6 Mo. App. 441, when properly considered, do not militate against this view. In none of them does it appear that the contents of the taxbill were pleaded, nor does the petition allege all of the facts essential to their validity. A taxbill to carry the presumption of validity must contain the recitals prescribed by statute and the facts therein evidenced must appear in the petition either by express averment or in the pleaded contents of the taxbill. This is the extent of the holding in the decisions mentioned. All that is decided in the cases cited by defendant, of which Vaughan v. Daniels, 98 Mo. 230, is a type, is that where the taxbill is filed with the petition as an exhibit its recitals do not aid the allegations in the statement of a cause of action, but this conclusion is based on the rule that exhibits filed with a pleading are no part thereof and does not apply where the contents of the taxbill are pleaded in the petition. The point must be ruled against the defendant.

It is contended by defendant that the ordinance under which the sewer was constructed does not specify its dimensions and does not sufficiently designate the materials for the same. It provides that "Said sewer shall be constructed of 570 lineal feet of 8-inch vitrified clay pipe, 48 Y junctions laid 25 feet apart, one manhole, one automatic flush tank of 316 gallons capacity, with all other necessary appurtenances." The statute requires that such sewers "shall be of such dimensions and materials as may have been prescribed by ordinance . . . and shall have all the necessary laterals, inlets, catch basins, manholes and other appurtenances." [R. S. 1899, sec. 3848.] The dimensions of the sewer proper are clearly and definitely stated, so is the material. The number of the Y junctions and their places in the

construction likewise are given. The dimensions of these connecting pieces necessarily were controlled by the size of the sewer pipe of which, when laid in place, they became a part, and the material of which they were to be made was of course to be the same as that in the remainder of the sewer. But it is said that the failure of the ordinance to specify the dimensions and material of the manhole, flush tank and other appurtenances is a fatal defect. The statute does not provide for the statement of such facts in the ordinance, as is apparent from its phraseology. The objection is fully answered in the following quotation from the opinion in City to use v. Owen, 110 Mo. 1. c. 455, "though the charter requires that the size of the sewer to be constructed shall be prescribed by ordinance, yet there is no such requirement in regard to the inlets, manholes, etc., nor of the material of which they are to be constructed. These appendages to the sewer may well be regarded as matters of detail, which, not being required to be specified in the ordinance, it is not necessary thus to insert them."

The sidewalk taxbill is attacked because "the ordinance under which the sidewalk was constructed is . . . void for the reason that the city council did not before its enactment and the letting of the contract declare by resolution that the work of building was necessary to be done." Section 5860, Revised Statutes 1899, provides "When the council shall deem it necessary to pave, macadamize, gutter, curb . . . or otherwise improve any street, avenue, alley or other highway, or any part thereof . . . the council shall by resolution declare such work necessary to be done and cause such resolution to be published in some newspaper published in the city for two consecutive weeks." But the making of sidewalks is expressly excluded from the operation of this provision in a subsequent portion of the same section, "No such publication shall be necessary for the making of any sidewalk, but upon the petition

of any ten citizens of the city the council shall have power by ordinance to make contracts for the constructing of sidewalks including grading therefor." The only reasonable construction to be placed on the section is that the declaration by resolution and its publication were regarded as successive steps in the single act of advising the public of the necessity of the improvement contemplated and the term, "no such publication," used in the clause removing sidewalks from the scope of the provision obviously was intended to dispense with the resolution as well as with the publication thereof. This construction is supported by the context which, without restriction or qualification, gives the council the power by ordinance to contract for the construction of a sidewalk on the petition of any ten citizens.

There being no necessity for the passage and publication of a preliminary resolution for the building of a sidewalk there was none required for the grading necessary to be done. In the quotations from section 5860 above given, the grading for a sidewalk is made a part of its construction and therefore falls within the statutory provisions applicable thereto.

Nor was it necessary that the council should declare by resolution that the general revenue fund of the city was insufficient to pay for the improvement, including the cost of grading. The fourth subdivision of section 5858, Revised Statutes 1899, provides that such work shall be paid for only by special assessment against the abutting property. The city had no authority to use the general revenue fund for that purpose; therefore the condition of that fund was entirely immaterial.

Many other points are made against the bills which on examination we find to be without sufficient merit to call for special notice. The judgment is affirmed. All concur.