BARBER ASPHALT PAVING COMPANY et al., Respondents, v. KIHLBERG KARLSBAD BATH COMPANY et al., Appellants.

**Kansas City Court of Appeals, April 19, 1909.**

TAXBILLS: Pleading: Petition. A petition on a taxbill pleaded and alleged an ordinance providing for the improvement, a contract in pursuance thereof, a completion of the work in accordance with the terms of the ordinance and contract and its acceptance, and the assessment, levy and issue of the taxbill and a general averment of compliance with all requirements of the statute and ordinance, setting out the taxbill *in haec verba*. *Held*, on a review of the authorities that the petition was sufficient and authorized the judgment rendered thereon.

Appeal from Clay Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Craven & Moore* for appellants.

(1) The court erred in overruling defendant's demurrer. The plaintiff having attempted to set out the facts in its petition should have set them all out. Under the form of the pleading adopted in the plaintiffs' petition the omission of material facts would have been ground for a general demurrer, or possibly might have taken advantage of after judgment, and defendants' special demurrer ought to have been sustained. Carthage v. Bagley, 73 Mo. App. 124. (2) In the absence of a statute governing pleading, the rule is that a petition must state the facts that constitute the cause of action. There is no statute governing the pleading in a petition to enforce improvement taxbills issued by a city of the fourth class. R. S. 1899, sec. 5586; Cushing v. Powell, 109 S. W. 1054.

*Scarritt, Scarritt & Jones* for respondents.

(1)   Defendants' demurrer was properly overruled. (2)   Other cases upholding our contention as to the sufficiency of the petition in the case at bar are these: Turner v. Patton, 54 Mo. App. 654; Barber Asphalt Paving Co. v. Young, 68 Mo. App. 175; Barber Asphalt Paving Co. v. Sanford, 76 Mo. App. 355; Barber Asphalt Paving Company v. Lampton, 79 Mo. App. 286; Excelsior Springs v. Ettenson, 120 Mo. App. 222.

JOHNSON, J.—This suit is for the enforcement of the lien of special taxbills issued by Excelsior Springs, a city of the fourth class, in payment of the cost of paving a public street.   Defendants, the owners of the property against which the taxbills were issued, demurred to the petition on the grounds, first, that the petition fails to state a cause of action and, second, that it does not show that the city "had any authority by law to pass its ordinance to pave the street therein mentioned for the reason that said ordinance could only be passed after the proper publication of a resolution."   The demurrer was overruled.   Defendants declined to plead further and, standing on the demurrer, brought the case here by appeal from the judgment rendered against them.

The petition is in three counts, but present purposes will be satisfied by a statement of the substance of one of them.   It is alleged that an ordinance providing for the improvement was enacted and approved by the city; that pursuant thereto, a contract was made by the city with plaintiff; that the work was completed in accordance with the terms of the ordinance and contract and was accepted by the city, and that the assessment was levied and the taxbill issued.   There is an averment that "each and all of the requirements of the statutes and ordinances in regard to the work and improvements and the taxbill herein referred to were duly complied with."   The taxbill is set out *in haec verba.*

It is conceded that the facts pleaded are sufficiently stated but the objection urged against the petition is that it fails to state all of the facts constitutive of the cause of action. Defendants argue that it is just as essential that compliance with other statutory requirements relating to the levy of the assessment be shown in the petition as it is that the ordinance authorizing the improvement or the taxbill itself be pleaded, that each statutory step leading to the issuance of the taxbill is jurisdictional and, therefore, is constitutive of a cause of action for the enforcement of the lien. Specific attention is directed to the ommission from the petition of an allegation that a resolution was passed by the board of aldermen declaring the work necessary to be done, a step required by the provisions of the statute relating to cities of the fourth class. [Section 5989, Revised Statutes 1899.]

The courts of this State have held in a number of cases that in actions on special taxbills, the plaintiff is not required to plead compliance with the preliminary steps leading to the issuance of the taxbill. "It is sufficient for the plaintiff to allege in the first instance that the officers of the municipality duly authorized so to do have issued to him the special taxbill on which he sues setting out its provisions and stating that the defendants named therein are the owners of the lot sought to be charged. [Vieths v. The Planet, etc., Co., 64 Mo. App. 207; Eyerman v. Payne, 28 Mo. App. 72; Lucass v. McConn, 50 Mo. App. 638; Bank v. Wright's Trustees, 68 Mo. App. 144; Excelsior Springs v. Ettenson, 120 Mo. App. 222; Hunt v. Hopkins, 66 Mo. 98; Duncan v. Kirtley, 54 Mo. App. 655.]

But defendant contends that this rule of pleading had its origin in statutes which as in the case of Hunt v. Hopkins, supra, specifically provided that "it shall be sufficient for plaintiff to plead the making and the issue of the taxbill sued on giving the dates and contents thereof and assignment thereof in case of assignment"

and that in the absence of such statutory provision, the
rule cannot obtain but instead the general rule of plead-
ing, that the petition must contain a plain and concise
statement of all of the constitutive facts, must apply.

The statutes relating to cities of the fourth class do
not contain a provision similar to that  quoted but they
do provide that  "such special taxbills shall in any ac-
tion thereon, be prima-facie evidence of the regularity of
the proceedings for such special assessments, of the va-
lidity of the bill, of the doing of the work, and of the
furnishing of the materials charged for and of the lia-
bility of the property to the charge stated in the bill."
[Section 5986, Revised Statutes 1899.]  It is true this
statute goes no further than to establish the character
of a special taxbill as evidence and does not deal with
the question of pleading.  [Cushing v. Powell, 109 S. W.
1054, 130 Mo. App. 576.]  But, taken in conjunction
with the initial presumption indulged in cases of this
nature that the municipal authorities have proceeded in
accordance with the law and not in violation thereof
(Paving Co. v. Ullman, 137 Mo. 1. c. 568; Excelsior
Springs Co. v. Ettenson, supra), we think the statutory
rule of pleading considered in some of the cases we have
cited, e. g., Hunt v. Hopkins, should be regarded as but
a legislative enactment of a general rule.  "The suit is
one upon the taxbill and not for work and labor done."
[Vieths v. Planet Co., supra.]  If, on its face, the tax-
bill appears to be regular, presumptively it is valid.  It
proclaims the fact that it was issued in conformity with
the law and the burden always is on the defendant to
overcome the presumption of validity by proof to the con-
trary.  The petition is to be measured by the rule applied
in the cases where the statutes deal specifically with the
subject of pleading and thus measured is found sufficient.
The decision of this court in the recent case of Cushing
v. Powell, supra, is not in conflict with the views ex-
pressed.  Indeed, we said there, in effect, what we have
said here: "The holder of the bill by legal intendment

alleges the several steps necessary to a taxbill and its regularity by alleging the issuance of the bill and he proves that by introducing the bill."

We do not consider that the case of Carthage v. Badgley, 73 Mo. App. 123, much relied on by defendants sustains their contention. There the petition alleged facts which affirmatively disclosed the invalidity of the taxbill. Here all the allegations assert its validity.

The judgment is affirmed. All concur.