CLAY COUNTY STATE BANK, RESPONDENT, v. THE HEALTH CULTURE CO. ET AL., APPELLANTS.—111 S. W. (2d) 195.

Kansas City Court of Appeals. December 17, 1937.

656

*John W. Moore, Robert H. Moore* and *Richard A. Moore* for respondent.

*Lawson & Hale* and *C. H. Kohler* for appellants.

REYNOLDS, J.—This cause arose in the circuit court of Clay county. It is a suit to enforce the lien of four, installment, special tax bills issued by the city of Excelsior Springs, a city of the third class, for street paving, pursuant to section 6814, Revised Statutes Missouri 1929.

The petition is in four counts. On the first count, it alleges the incorporation of various of the parties and alleges that the city of Excelsior Springs is a city of the third class and W. D. Flack is the city clerk; that the city, on June 17, 1929, acting through its city clerk, duly and regularly issued to C. J. Tiernan Company, a Missouri corporation, a certain, special tax bill No. 14, issued under ordinance No. 3295 (the title showing that it was for repaving, etc., and the date of its passage and approval being set out); that the work was done according to the contract, plans, and specifications and the ordinances providing therefor and was ac-

cepted by the city; that the cost was apportioned by the city engineer and, by Ordinance 3305, accepted and apportioned by the city council; that the ordinances were duly adopted; that, by said tax bill, it is certified that the land in question had been charged with the amount of said tax bill as a special tax bill for the repaving, guttering, draining, and otherwise improving the street in question, as authorized by ordinance No. 3295; that it was further certified that the amount stated had been levied and assessed as a special tax against said real estate; and that a copy of said bill is as follows: (setting out said tax bill *in haec verba*). The petition further alleges that, for value received, C. J. Tiernan Company endorsed and assigned said tax bill to the plaintiff and the plaintiff is the legal owner and holder thereof; that various payments were made on said tax bill and there is now· due and unpaid on said tax bill the sum of $139.02; that, by reason of the premises, said real estate is legally chargeable in favor of the plaintiff, on account of the work aforesaid, with said sum together with interest and the claims of all of the defendants are subject to the lien of said tax bill; and that the defendants own, or claim an interest in, the land (describing such interest). The count then prays a special judgment for the enforcement of the lien of such tax bill.

The second, third, and fourth counts are the same as the first, except that they declare upon different tax bills chargeable against other and different properties.

To each count of the petition, the defendants filed a demurrer, alleging as grounds therefore that the allegations of the petition were insufficient to state a cause of action as against the defendants or any of them.

Upon hearing, the trial court overruled each of the demurrers. The defendants declined to plead further but suffered judgment to go against them on each count for the amount of the tax bill described therein and interest thereon and for its enforcement as a lien.

From the action of the trial court in overruling said demurrers and in rendering judgment for the plaintiff on each count of the petition, the defendants prosecute this appeal.

### Opinion.

Upon this appeal, the only questions raised are whether the petition states a cause of action upon the various counts therein and whether or not the demurrers to each count were rightly ruled by the trial court.

It is contended by the defendants that the petition fails to state the ultimate facts constituting the plaintiff's alleged cause of action and is therefore demurrable. They contend that the legal effect of the tax bills should have been set out rather than the tax bills themselves *in haec verba*; that the tax bills were merely evidence

and to set them out *haec verba* was to plead evidence which is not allowable.

It is true that good pleading requires that contracts or instruments of writing declared upon or set out in a petition should be pleaded according to their legal effect. The reason for such rule is obvious. It tends to settle and make certain the issues. [Cantrell v. Knight (Mo. App.), 72 S. W. (2d) 196.] However, under our statute, Section 6814, Revised Statutes of 1929, a tax bill, when issued, is *prima facie* valid and is, in itself, *prima facie* evidence of its validity and of the facts authorizing its issue and of the fact that it is a special lien on the land described therein.

Each tax bill is required by the above-named section to contain, in substance, a brief, general statement of the facts authorizing its issue, the amount for which it is issued, a description of the land against which it is issued, the name of the contractor against whom it is issued, the rate of interest which it bears, and the time when it begins to bear interest; and it shall state that it is a special lien against the land therein described and give the time for which the lien continues. It is not necessarily required to give the name of the owner of the land against which it is issued. All of the facts thus required to be recited are constitutive facts to any cause of action asserted on the tax bill.

It has been several times held by this and other courts that a petition on a tax bill under a charter or statute, of which Section 6841 is an equivalent, setting out the tax bill *in haec verba* is a good petition, in that such tax bill imports verity and the recitals therein are *prima facie* true and such recitals are recitals of constitutive facts upon which the validity of the tax bill rests and, in part, upon which the right of recovery in an action upon such tax bill for its foreclosure also rests. [City of Joplin ex rel. Carthage Dimension & Flag Stone Co. v. Hollingshead, 123 Mo. App. 602, 100 S. W. 506; First National Bank v. Shewalter, 153 Mo. App. 635, 134 S. W. 42; Barber Asphalt Paving Co. v. Kihlberg Karlsbad Bath Co., 136 Mo. App. 555, 118 S. W. 519; First National Bank v. Aguamsi Land Co. (Mo. App.), 70 S. W. (2d) 90.]

However, the petition on each count in this case, independently of the tax bills themselves copied therein, is sufficient. All of the necessary, constitutive facts to a good cause of action in the plaintiff are still to be found in each count if the copy be stricken. [Kock v. Clyde (Mo. App.), 92 S. W. (2d) 985.] Those parts setting out the tax bills *in haec verba* may be disregarded and considered as surplusage. That such copies were set out does not vitiate the petition or any count thereof. [Mack v. Eyssell, 332 Mo. 671, 59 S. W. (2d) 1049; Emmons v. Quade, 176 Mo. 22, 75 S. W. 103;

State ex inf. Barker v. Armour Packing Co., 265 Mo. 121, 176 S. W. 382.]

It follows from what has been said that the petition states a good cause of action on each count thereof and that the demurrers to the same were properly ruled. The action and judgment of the trial court are affirmed. All concur.