

# Court of Appeals
## Fifth District of Texas at Dallas

**BE IT REMEMBERED:**

ROBERT LEE COLEMAN, Appellant

No. 05-91-01726-CR          V.

STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F91-66590-T).

Opinion delivered by Justice Morris, Justices Baker and Barber participating.


Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.


I, MELANIE KEETON, CLERK of the Court of Appeals for the Fifth District of Texas, at the City of Dallas, hereby certify that the foregoing is a true copy of the *opinion, judgment* and *all orders* entered by this Court in the above cause.

IN WITNESS WHEREOF, I hereunto set my hand and affix the seal of said Court at Dallas this  12th day of March, 1993.

MELANIE KEETON, CLERK

By _____
                 DEPUTY CLERK

**REVERSED and REMANDED. Opinion filed January 12, 1993.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-91-01726-CR

### ROBERT LEE COLEMAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F91-66590-T**

# O P I N I O N

Before Justices Baker, Barber,[1] and Morris[2]
Opinion By Justice Morris

Robert Lee Coleman appeals a conviction for burglary of a habitation, enhanced by

a prior conviction. The trial court found appellant guilty and assessed punishment at fifteen

years' confinement. In one point of error, appellant contends he was denied effective

---

[1] Justice Will Barber succeeds Justice Jeff Kaplan, a member of the original panel. Justice Barber has reviewed the briefs and record in this case.

[2] Justice Joseph B. Morris succeeds Justice Kevin B. Wiggins, a member of the original panel. Justice Morris has reviewed the briefs and record in this case.

assistance of counsel because no objections were made regarding (1) the legality of his initial detention by the police, and (2) the admission of evidence gathered as a result of that detention. Finding appellant was denied effective assistance of counsel at trial, we sustain his sole point of error, reverse the trial court's judgment, and remand the case for further proceedings.

## FACTS

On the morning of August 19, 1991, at approximately 8:10 a.m., Officers Jeffrey Kirksey and Doris Smith were on routine patrol. As they approached a vacant lot on Roseland Avenue in Dallas, they saw appellant walking across the lot carrying a new red Craftsman toolbox. Officer Kirksey knew appellant for approximately two years, saw him almost every day, and knew he did not have a regular job.

Thinking it unusual for appellant to have a new toolbox, Officer Kirksey pulled into the vacant lot, stopped appellant, and asked him where he obtained the toolbox. Appellant told the officers a friend left the toolbox outside a vacant house. He stated he picked up the toolbox and was walking across the vacant lot to return it to the friend.

Appellant was also carrying a plastic bag, which the officers found contained a drill, a cordless screwdriver, and a radio. Officer Kirksey then placed a general call over his police radio inquiring whether anyone had made a report of any kind involving a red toolbox.

Meanwhile, Officers Eddie Padilla and Terrence King were investigating a burglary

-2-

on Adolph Street, approximately two blocks from where appellant was stopped. A red Craftsman toolbox, a cordless screwdriver, a radio, and other items had been taken from the complainant's garage. Upon receiving Officer Kirksey's inquiry, Officer Padilla informed Officer Kirksey he was investigating a burglary involving a red Craftsman toolbox. Officers Padilla and King proceeded to Roseland Avenue to question appellant. When interviewed appellant told Officer King someone gave him the toolbox and items in the bag to sell. Officers Padilla and King took appellant and the items in his possession back to the complainant's residence where the complainant identified the items as his property. The officers then arrested appellant and charged him with burglary of a habitation.

Before trial, appellant's attorney made no effort to challenge the legality of appellant's detention at the vacant lot or the admission of evidence gathered as a result of the detention. Similarly, he made no objections at trial concerning this evidence. At trial, the only evidence the State offered to support appellant's guilt was his possession of the toolbox and his inconsistent explanations regarding how he obtained it. The State offered no fingerprints from the scene of the burglary and no eyewitness testimony to connect appellant to the burglary. Based upon appellant's possession of the property and his inconsistent explanations regarding how he obtained the property, the trial court found appellant guilty.

## DISCUSSION

In his sole point of error, appellant contends he was denied effective assistance of

counsel because his attorney failed to object to the legality of his detention or to the admission of evidence gathered as a result of the detention. Specifically, appellant argues his detention was illegal because Officer Kirksey did not have a "reasonable suspicion" to justify it. Consequently, appellant asserts his possession of the toolbox and his inconsistent explanations regarding how he obtained the toolbox were inadmissible evidence. Appellant claims if his attorney had objected, the trial court would have excluded this evidence, and there would have been no evidence before the court upon which to base a conviction.

A defendant's right to effective assistance of counsel merely ensures him the right to reasonably effective assistance. The right does not mean errorless counsel. *See Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); *Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). To establish ineffective assistance of counsel, the defendant must show a deficiency in his counsel's performance that prejudiced his defense. *See Ex Parte Drinkert*, 821 S.W.2d 953, 954 (Tex. Crim. App. 1991); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In applying this two-prong test, we first determine whether defense counsel's acts or omissions were outside the range of professionally competent assistance. If so, we must then determine whether, but for counsel's errors, there is a reasonable probability a different outcome in the proceeding would have occurred. *See Ex Parte Drinkert*, 821 S.W.2d at 955; *Washington v. State*, 771 S.W.2d 537, 545 (Tex. Crim. App.), *cert. denied*, 492 U.S. 912 (1989). A reasonable probability of a different outcome means a probability

sufficient to undermine confidence in the outcome. *See Washington*, 771 S.W.2d at 545. To determine whether a defendant received adequate assistance, this Court looks at the totality of the representation rather than isolated acts or omissions of trial counsel. We apply the test as of the time of trial and not through hindsight. *See Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987); *Thomas v. State*, 812 S.W.2d 346, 349 (Tex. App.--Dallas 1991, pet. ref'd).

Because we assume without deciding that appellant was detained when initially stopped by Officers Kirksey and Smith, we need only address whether appellant's detention was justified. If the detention was justified, the evidence derived from it was admissible, and the failure of appellant's attorney to object would not have denied appellant effective assistance of counsel. *See Kizzee v. State*, 788 S.W.2d 413, 415 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd); *Cevallos v. State*, 755 S.W.2d 901, 904 (Tex. App.--San Antonio 1988, pet. ref'd). Conversely, if appellant's detention was not justified, the evidence obtained from the detention was inadmissible, and his attorney's failure to object could constitute ineffective assistance of counsel when viewed under the totality of the representation standard. *See Ex Parte Welborn*, 785 S.W.2d at 396; *Weathersby v. State*, 627 S.W.2d 729, 730 (Tex. Crim. App. 1982); *Doles v. State*, 786 S.W.2d 741, 746 (Tex. App.--Tyler 1989, no pet.); *Perkins v. State*, 771 S.W.2d 195, 198 (Tex. App.--Houston [1st Dist.] 1989), *aff'd*, 812 S.W.2d 326 (Tex. Crim. App. 1991).

The Texas Court of Criminal Appeals frequently has held circumstances short of

probable cause for arrest may justify a temporary detention for the purposes of investigation, since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *See Dickey v. State*, 716 S.W.2d 499, 503 n.4 (Tex. Crim. App. 1986). Thus, a police officer may briefly stop a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining more information. *See Gearing v. State*, 685 S.W.2d 326, 327-28 (Tex. Crim. App. 1985). To justify such an investigatory detention, the officer must rely upon specific articulable facts. These facts, when premised upon the officer's experience and personal knowledge and coupled with the logical inferences from the facts, must warrant the intrusion on the person detained. However, the facts must amount to more than a mere hunch or suspicion. *See Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). Moreover, the articulable facts relied upon by the officer must create (1) a reasonable suspicion some activity out of the ordinary is occurring or has occurred, (2) some suggestion to connect the person detained with the unusual activity, and (3) some indication the unusual activity is related to crime. *See id.*

The testimony at trial was clear. Officer Kirksey testified he relied upon the following facts to justify appellant's detention: (1) he knew appellant for two years and saw him almost every day; (2) he knew appellant did not work at a regular job; and (3) he thought it unusual for appellant to be carrying a new toolbox because appellant was unemployed.

In light of Officer Kirksey's personal knowledge that appellant was unemployed, the sight of appellant carrying a new toolbox, an activity to which he was obviously connected,

-6-

might reasonably appear to be "activity out of the ordinary." However, before Officer Kirksey detained appellant, he observed nothing to indicate appellant had gained possession of the toolbox illegally. *See Viveros v. State*, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992); *Garza*, 771 S.W.2d at 558. Similarly, prior to stopping appellant, Officer Kirksey had received no reports of a burglary or theft of any kind involving a red toolbox. Only *after* the officer detained appellant, questioned him, and dispatched a general inquiry, did he discover a red Craftsman toolbox had been stolen from a garage approximately two blocks away. The fact that Officer Kirksey thought it "unusual" for appellant to be carrying a toolbox because he was unemployed amounts to no more than a mere hunch or suspicion that appellant had obtained the toolbox illegally. *See Garza*, 771 S.W.2d at 558. At the time Officer Kirksey stopped appellant, appellant's activity was as consistent with legal activity as it was with illegal activity. *See Cook v. State*, 832 S.W.2d 62, 66 (Tex. App.--Dallas 1992, no pet.).

We conclude Officer Kirksey's "articulable facts" did not create any indication that appellant's possession of the toolbox was related to crime. As a result, Officer Kirksey lacked reasonable suspicion to detain appellant. Therefore, the evidence regarding appellant's possession of the toolbox and his inconsistent explanations concerning how he obtained it were inadmissible. *See Cook*, 832 S.W.2d at 66; TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp. 1992).

Our conclusion that the evidence was inadmissible does not, however, end our inquiry

into whether defense counsel's failure to object to the admission of the evidence was outside the range of professionally competent assistance. We must also ascertain the effect, if any, this evidence had on appellant's trial.

Appellant contends his possession of the toolbox and his inconsistent statements regarding how he obtained it were the only evidence linking him to the burglary of the complainant's garage. No fingerprints were taken from the complainant's garage. There was no eyewitness testimony placing appellant at the scene of the burglary. Appellant asserts if the admitted evidence had been excluded by way of an objection from his attorney, there would be no evidence upon which the trial court could have based a conviction. Thus, appellant claims, but for the failure of defense counsel to object to this evidence, he would have been acquitted.

In adjudicating appellant's guilt, the record reflects the trial court based its judgment upon his possession of the property and his inconsistent explanations regarding how he obtained the property. We conclude this was the only evidence connecting appellant to the burglary, and without it there would be nothing upon which to base a conviction.

As noted previously, in determining whether a defendant was denied effective assistance of counsel, we must look at the totality of the defendant's representation rather than isolated acts or omissions of trial counsel. *See Wilkerson*, 726 S.W.2d at 548; *Thomas*, 812 S.W.2d at 349. However, under certain circumstances a single error, notwithstanding competent performance on other matters, may be so prejudicial as to render counsel's

representation ineffective. For example, in *Ex Parte Zepeda*, 819 S.W.2d 874 (Tex. Crim. App. 1991), the defendant alleged he was denied effective assistance of counsel because his attorney failed to request a jury instruction on accomplice witness testimony. *See id.* at 876. The Texas Court of Criminal Appeals noted that aside from the accomplice witness testimony, none of the other evidence tended to connect the defendant to the commission of the offense. *See id.* The court found that had an instruction been given, the jury would have been informed it could not convict the defendant without corroborating evidence tending to connect the defendant to the commission of the offense. *See id.* The court concluded that given the state of the evidence, defense counsel's failure to request an instruction on accomplice witness testimony was an error rendering his performance deficient. *See id.* at 877.

Similarly, under the facts of this case we conclude defense counsel's failure to object to the inadmissible evidence constituted deficient performance and was an omission so prejudicial to appellant's case as to be outside the range of professionally competent assistance. *See Ex Parte Welborn*, 785 S.W.2d at 396; *Weathersby*, 627 S.W.2d at 730; *Doles*, 786 S.W.2d at 746; *Perkins*, 771 S.W.2d at 198. We also conclude, but for defense counsel's error in failing to object to the inadmissible evidence, there is a reasonable probability the outcome of the case would have been different. *See Ex Parte Drinkert*, 821 S.W.2d at 955; *Washington*, 771 S.W.2d at 545.

Accordingly, we hold appellant was denied effective assistance of counsel. We sustain

his sole point of error, reverse the judgment of the trial court, and remand the case for further proceedings.

JOSEPH B. MORRIS
JUSTICE

Do not Publish
Tex. R. App. P. 90
911726F.U05





# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ROBERT LEE COLEMAN, Appellant

No. 05-91-01726-CR      V.

STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F91-66590-T).
Opinion delivered by Justice Morris, Justices Baker and Barber participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered January 12, 1993.

JOSEPH B. MORRIS
JUSTICE