MATOUSEK, Appellant, v. BOHEMIAN ROMAN CATHOLIC FIRST CENTRAL UNION, U. S. A., and LOCAL SOCIETY NO. 63 OF THE CITY OF ST. LOUIS OF THE BOHEMIAN ROMAN CATHOLIC FIRST CENTRAL UNION, U. S. A., et al.

Division One, January 16, 1906.

1. **RES ADJUDICATA: When Available.** Where plaintiff fails to establish his cause of action, the fact that defendant's plea of *res adjudicata* was not sustained by proof or otherwise, is of no consequence. The burden is on plaintiff to establish his cause of action, and if he fails in that, he cannot obtain a reversal on the ground that respondent failed to make good his defense of former adjudication.

2. ———: **Conceded at Trial.** Where appellant at the trial conceded that a former suit in mandamus was an adjudication that plaintiff had been properly expelled from a benevolent society, that concession will be held a bar to his suit for damages for being expelled.

3. ————: **Reverse of Position on Appeal.** Appellant is held on appeal to the position he assumed at the trial. Where he at the trial conceded that his claim for damages for his expulsion from a benevolent society had by his suit of mandamus been adjudicated adversely to himself so far as the society was concerned, but not as to the members of the committee which preferred the charges against him, he will not on appeal be permitted to so alter his position as to try to hold the society for damages while foregoing any claim against the members of the committee.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*Albert E. Hausman* for appellant.

(1) The trial court cannot take judicial notice of the contents of the record of another case pending before it, or decided by it; but such record must be introduced in evidence. Hence the court erred in sustaining defendant societies' defense of *res judicata,* which was done on the pleadings in this case and before any evidence was introduced. Adler v. Lang, 26 Mo. App. 226; Grace v. Ballou, 4 S. D. 333; Banks v, Burnam, 61 Mo. 76; Ralphs v. Hensler, 97 Cal. 296; Gibson v. Buckner, 65 Ark. 84; Thayer v. Honeywell, 7 Kan. 548; Bond v. White, 24 Kan. 48; Baker v. Nygatt, 14 Iowa 131; State v. Edwards, 19 Mo. 674. (2) *Res. judicata* is an affirmative defense, and like all other defenses of that sort, must be pleaded and proved. Beattie Mnfg. Co. v. Gerardi, 166 Mo. 155; Findley v. Johnson, 84 Ga. 69; Bond v. White, 24 Kan. 48. (3) Where it is shown by the bill of exceptions that the finding of the court excepted to is based upon documentary evidence which was not introduced at the trial, and hence is not preserved in the bill of exceptions, the appellate court will treat it as a failure of proof and reverse and remand the cause. Lackland v. Nevins, 3 Mo. App. 335; Landgraff v. Brick Co., 80 Mo. App. 538.

*Rassieur & Buder* for respondents.

(1) No point is made by appellant that the judgment of the lower court in favor of the individual defendants is not proper. Nowhere does he ask for a review of that decision. His brief is directed merely at the judgment in favor of the defendant societies. (2) A party is limited on appeal to the theory upon which he tried his case in the lower court. Horgan v. Brady, 155 Mo. 659; Chinn v. Naylor, 182 Mo. 583; Trigg v. Taylor, 27 Mo. 245; Walker v. Owen, 79 Mo. 563; Tomlinson v. Ellison, 104 Mo. 105; Minton v. Steele, 125 Mo. 181. (3) Where it clearly appears that the judgment of the lower court is for the right party, it will not be reversed, though error was committed at the trial. Bank v. Armstrong, 92 Mo. 282; Vaughn v. Daniels, 98 Mo. 230; Williams v. Mitchell, 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194; Finley v. St. Louis Ref. & Wood Gutter Co., 99 Mo. 559.

LAMM, J.—Respondent, the Bohemian Roman Catholic Central Union, U. S. A., may be abbreviated to the "Union," and is a parent body incorporated under our state laws pertaining to benevolent, scientific, educational and miscellaneous associations (art. 11, chap. 12, R. S. 1899), having for its object to foster the practice of religious duties among its members, to unite Bohemian Roman Catholic societies in works of charity and benevolence, to assist societies in giving aid and assistance to its members, to nurse its sick and bury its dead, and to provide a fund for the benefit of its members' widows and orphans.

Respondent, the Local Society No. 63 of the City of St. Louis of the Bohemian Roman Catholic First Central Union, U. S. A., may be abbreviated into the "Society," and is a subordinate branch or lodge of the Union, alleged by appellant to be incorporated, and alleged by respondents to be not a body corporate.

Both the Union and the Society have insurance features, together with sick and other benefits. Under the Union, a member was insured to the amount of $1,300 and had certain sick benefits. Under the Society, he had sick benefits and a further insurance of $200. Matousek was a member of both and had been for well on to twenty years.

At a certain time he was tried and expelled from the Union and the Society, on charges preferred by a committee composed of one Klasek, one Babka, one Jansky, one Cibulka and one Stys—also parties to this litigation. Thereupon he sued out a writ of mandamus in the circuit court of the city of St. Louis against the Union and the Society, and having for its purpose to be reinstated as a member thereof and in his insurance, sick and other benefits, forfeited by his expulsion. Being cast in the mandamus suit, judgment was rendered for the Union and the Society, and such judgment remained in full vigor.

Thereupon Matousek instituted the present action against the Union, the Society, and the said members of said committee by name, for damages, alleging in substance that the members of said committee, Klasek et al., were actuated by malice and conspired together for the purpose of injuring him, and that the Union and the Society participated in such malice; that because of said purpose and acts resulting in his wrongful expulsion, he was deprived of the advantage of his insurance policies, his social advantages and sick benefits; and that he was now too old to secure similar insurance and had suffered loss by said wrongs in the sum of $5,000 actual, and $5,000 punitive, damages.

The case is presented to us by appellant's counsel on the theory that the finding as to the members of the committee and the rulings of the court on the evidence relating to said committee were all right. It will, therefore, not be necessary to state or consider the pleadings, the evidence or the court's rulings pertaining

to the conduct and acts, verbal or otherwise, of those respondents who were members of the said committee.

The Society and the Union filed a joint answer, thereby interposing two defenses. The first defense was, in legal effect, a denial of the allegations in the petition, coupled with averments the converse of those made by plaintiff, in that, defendants say, Matousek on offering himself for initiation, promised, and on initiation, obligated himself, to obey the by-laws and regulations of the Union and Society; that one of the by-laws of the Union denounced expulsion as a penalty against any member who abused and slandered the Union and by such dishonorable practices injured its reputation; that plaintiff disobeyed such by-law by slandering and abusing the Union and injuring it, and, in consequence thereof, a written complaint was lodged against him in October, 1901, and he was served with a copy and notified to appear at a meeting of the Society to be holden on November 10th, at 1:30 p. m.; that he did appear in person and was regularly tried, participating therein, and, by ballot of two-thirds of the members present, was found guilty of the charges, and expelled in accordance with the by-laws and rules, and deprived of all rights and benefits of said Union and Society; that thereafter he appealed to the parent Union from the decision of the subordinate Society, and the action of the Society in expelling him was affirmed in accordance with the by-laws regulating appeals; and that the Union and Society had jurisdiction of Matousek, as a member, as well as of the subject-matter of said hearing and were the proper and only tribunals for the consideration and determination of the matter involved in the complaint, and that their action in said matter is, therefore, final and binding on the plaintiff.

*Second,* the answer pleaded *res judicata,* as follows:

"And, as a further defense to this action, these

defendants state that heretofore on or about the 14th day of January, 1902, after the plaintiff had been expelled as aforesaid from his membership in said Society and Union, and after the said action was so affirmed by the said Bohemian Roman Catholic First Central Union, U. S. A., of which he now complains, he brought a mandamus proceeding or action against these defendants in the circuit court of the city of St. Louis, entitled State ex rel. Francis Matousek v. Bohemian Roman Catholic First Central Union, U. S. A., and Local Society No. 63 of the City of St. Louis of the Bohemian Roman Catholic First Central Union, U. S. A., numbered 22847 A, Room 3, of the files of this Court; that the object of said suit was by mandamus to restore to plaintiff his membership in said Local Society No. 63 and in said Union, together with all the rights and benefits of such membership, of which he now again complains he has been wrongfully deprived; that in the said action, these defendants as respondents, in due time filed their return; that the matters and things involved in said last-named cause are the same now embraced in plaintiff's present action; that thereafter, to-wit, on February 18, 1902, the said court rendered judgment in said cause in favor of these defendants and against plaintiff, which said judgment has never been vacated, set aside or appealed from, and is therefore final and binding on plaintiff. Wherefore, having fully answered, these defendants pray to be hence dismissed with their costs.''

The replication was a general denial.

The cause being tried to the court without a jury, at the end of plaintiff's case the court stated that he would give plaintiff the option of a verdict against him or a nonsuit. Plaintiff elected to take his defeat in the form of a verdict, whereupon a peremptory instruction in the nature of a demurrer to the evidence was given

and judgment in favor of all the defendants entered, from which plaintiff duly appealed here.

The whole force of appellant's brief in chief and in reply is directed to one major insistence, to-wit, that the court erred in dealing with respondents' affirmative plea of *res judicata,* the contention being that the defense of *res judicata* was allowed by the court below in the teeth of the fact that respondents introduced no evidence to sustain such plea, nor did appellant introduce the record sustaining such plea, nor does the bill of exceptions contain the record establishing such plea. The issue here, then, is narrowed by appellant to one wherein error is assigned because the trial court sustained the plea of *res judicata* without proof.

May error be necessarily predicated in this case on such contention? We think not; because the issues on the foregoing pleadings, summarized, may be stated thus: (1) A charge of an unfair, illegal and malicious lodge trial and a wrongful expulsion of a member resulting—in which the *onus probandi* was on plaintiff. (2) A plea of *res judicata* as a defense, and herein the *onus probandi* was on defendants. Now, reduced to a simple logical formula, the situation stood this way: if plaintiff sustained the first issue and defendants sustained the second, the result would be a judgment for defendants, because the defense avoided the effect of plaintiff's proof. If, on the other hand, plaintiff sustained the first issue and defendants failed on the second, the result would be a judgment for the plaintiff. If, however, plaintiff failed on the first issue, then the second became immaterial, because no defense was necessary and the case fell to the ground of its own weight. Hence, it only becomes necessary to consider the plea of *res judicata* after considering and disposing of the first plea.

The vice of the position taken by the learned counsel for appellant, it would seem, is in *assuming* that plaintiff sustained the first plea, for by that assump-

tion he is drawn into the vortex of begging one of the
material questions involved—a case of *petitio principii;*
because a close reading of the record discloses that
plaintiff did not sustain his contention of a malicious
and illegal lodge trial. One of his insistences on that
behalf was that he was not allowed to make any defense
at the lodge trial. But the record, in our opinion, does
not so show. Another was that the by-laws required a
majority of all the members to vote for an expulsion,
which majority, he insists, did not appear. This was
met by a counter contention of respondents to the ef-
fect that the controlling by-laws provided for only a
majority of "the knights" or members present at the
trial voting to expel. In this condition of things the
trial judge, who was not a Czech, or a Bohemian in any
sense, but a plain American citizen, presumably able to
read and to think only in his mother-tongue, was con-
fronted with by-laws of the Society in the Bohemian
language on the one hand, and with unsatisfactory, un-
learned and disputed off-hand translations of certain
sections of said by-laws on the other, and the record
shows he was, for good reasons, too, not satisfied with
the translations. Especially so, as the by-laws of the
Union seemed to provide that a majority present at the
trial could expel, while the muddy translations of the
by-laws of the Society seemed to hint at a majority of
all the members of the lodge.

In fine, we cannot find that the allegation of an
illegal, unfair or malicious lodge trial and expulsion
was sustained. So that, with nothing more, on the
simple proposition that plaintiff failed to make out his
case the judgment should remain undisturbed.

But if it be conceded, in the unsatisfactory record
before us, that such allegation was sustained by at least
prima-facie proof, and if it be conceded, furthermore,
that such proof called for the establishment of the plea
of *res judicata* before respondents, the Union and the
Society, stood acquit, yet we are not satisfied that ap-

pellant has successfully borne the burden the law lays upon his shoulders of pointing out here reversible error in that behalf before the judgment against him should be reversed. And this is so, because it is not always by evidence that a fact may be established. Facts may be admitted. A case may be tried on the theory that a fact is assumed to exist, the legal effect of which alone is questioned. [State ex inf. v. Fasse, 189 Mo. l. c. 537.] This is precisely what happened in this case. A critical examination of the bill of exceptions shows that the trial court, as it was proper it should do, made an effort to burn away all the underbrush in the case by drawing the fire of counsel on both sides upon the issues and what proof would be offered and what admissions made. A three-cornered colloquy between court and counsel, of several pages, not necessary to produce here, is shown by the bill of exceptions. And, while somewhat misty, yet it substantially appears therefrom and from the whole record that appellant's then counsel conceded a judgment in the mandamus suit involving the same issues between Matousek and the Society and the Union, which judgment was unappealed from and in full life. It is true the matter crept into the case sidewise, so to speak, but, nevertheless, it was lodged there and the trial proceeded on the concession and the assumption that the facts constituting *res judicata* stood confessed. With this admission, why incumber the record with the pleadings, judgment and other impedimenta, mere luggage all, of the mandamus suit? Counsel appearing here for appellant is not the same trying this case below. It follows, we think, that he is no better situated to judge of the admissions and theory upon which the case was tried below, than is this court, because both the court and the learned counsel must go to the same cold, dry and, in this instance, somewhat nebulous record for information.

Our conclusion is, therefore, that the record shows by indirection, but conclusively, that the case was tried

on the theory below that the former adjudication was conceded. In fact, the insistence of plaintiff's counsel below was, as we interpret the record, that the individual members of the committee should alone be held. Whereas, here, the case is presented on the theory that the individual members of the committee are acquit and the Society and Union alone can be held for damages.

It is not necessary to cite authorities to sustain the proposition that positions, once taken and acted on, may not be thus reversed and turned topsy-turvy. Such *bouleversement* (to timidly borrow a word respectably introduced to this court in another case by a counselor learned in linguistics and glossology) has no place in the practical science of jurisprudence.

Finding no error, the judgment is affirmed.

All concur, except *Brace, P. J.,* absent.