## PARKER-WASHINGTON COMPANY, Appellant, v. COLE et al., Respondents.

**St. Louis Court of Appeals, Argued March 23, 1909. Opinion filed May 11, 1909.**

1. **PRACTICE: Admissions: Statements of Counsel.** Statements made by counsel by way of illustration in the argument of an objection to the introduction of evidence, are not admissions which would deprive the party represented by him of any right the party might have in the case.

2. ———: **Evidence: Admitting Evidence Subject to Objection.** Where a trial court, on the introduction of certain taxbills in evidence, announced that he would consider the objection to them when he considered the case, and afterwards rendered a judgment holding them invalid, it could not under the circumstances be said that they were in evidence.

3. **EVIDENCE: Special Taxbills: Prima-Facie Case: Payment.** In an action to enforce the lien of a special taxbill which shows on its face that it is unpaid, the taxbill is prima-facie evidence that it has never been paid, against all persons named in it, but it is not prima-facie evidence of non-payment against a party not named in it.

4. ———: ———: ———: **Premises.** In such case, the taxbill is prima-facie evidence that the ground, upon which the work was done for which the bill was issued, is a public street.

5. ———: ———: ———: **Regularity and Liability.** In an action to enforce the lien of a special taxbill, the taxbill is prima-facie evidence of all the facts showing liability as against the parties named in it, but it is not prima-facie evidence as against an alleged owner who is not named therein.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Barclay & Fauntleroy* for appellant.

(1) Where a fact is admitted at the trial and the case is submitted to the court by both parties on that theory, no party will be allowed to advance upon appeal a different theory as to the fact admitted. Bray v. Seligman, 75 Mo. 31; Matousek v. Union, 192 Mo. 596; Walsh v. Railroad, 102 Mo. 588. (2) Here the ownership by respondent of an interest in the lots mentioned in the special taxbills was expressly admitted in the remarks of his learned counsel at the trial, who claimed that respondent was a cotenant and that the liability of respondent was joint and not several (referring to the other tenants in common named in the taxbill). These remarks show that respondent's interest in the property as tenant in common was admitted, and the case was submitted on that theory; so that fact must be taken as part of the case now without question, since a party cannot change such a theory upon appeal. Walsh v. Railroad, 102 Mo. 582; Hill v. Drug Co., 140 Mo. 438; Cobb v. Houston, 117 Mo. App. 645; Heman v. Larkin, 108 Mo. App. 392. (3) The unpaid taxbills are prima-facie evidence that they had never been paid. Jaicks v. Merrill, 201 Mo. 103. The special taxbills are prima-facie evidence that the ground upon which the work was done is a public street. Seibert v. Allen, 61 Mo. 482. A special taxbill is prima-facie evidence that the material and work charged therein have been furnished, and of the execution of the work and of the amount of the charge or tax against the property therein described, and of liability of the owners named therein; as to those not named, it is prima-facie evidence of the other facts. Stadler v. Roth, 59 Mo. 400; Gallaher v. Bartlett, 64

Mo. App. 258; Moberly v. Hogan, 131 Mo. 19; Heman v. Ring, 85 Mo. App. 234; Excelsior Springs v. Ettenson, 120 Mo. App. 222.

*R. M. Nichols* for respondent.

(1) The bill is not prima-facie valid and does not make out a prima-facie case against John J. Cole because he is not named as owner in the bill. St. Joseph v. Forsee, 115 Mo. App. 510; Construction Co. v. Loevy, 64 Mo. App. 430; Farrell v. Rammelkamp, 64 Mo. App. 425; Smith v. Barrett, 41 Mo. App. 466; Jaicks v. Sullivan, 128 Mo. 177. (2) Only bills made out in accordance with the provisions of the charter create a prima-facie case. Therefore the omission to state in the bill a place of payment would destroy the prima-facie case made by the charter and would render the bill immature because the defendant has a right to know where to pay the bill. Sec. 24 of Amended Charter; Eyermann v. Payne, 28 Mo. App. 72; Heman v. McLaran, 28 Mo. App. 654; St. Joseph v. Forsee, 115 Mo. App. 510. (3) Section 24 of the amended charter is mandatory that "in every such taxbill there shall be designated," a place of payment. 26 Am. and Ency. Law, Tit. "Statutes," p. 669; State ex inf. v. Talty, 166 Mo. 559; Railroad v. Foley, 94 U. S. 103, Ed. 71; 25 Am. and Eng. Ency. Law (2 Ed.), p. 633; O'Rear v. Crum, 135 Ill. 294, 24 N. E. 1097; Bank v. Neal, 13 Mont. 382, 34 Pac. 180.

STATEMENT.—This is an action by plaintiff against James W. Cole, Phila Olds Cole, William T. Cole, John J. Cole, and the unknown heirs of Robert S. Cole, deceased, on three special taxbills, issued against three lots in city block 1661, in the city of St. Louis. The taxbills were issued against James W. and Robert S. Cole, as owners, alone, and are properly signed and countersigned, and are in usual form, except that there is no designation of the place at which the payment of the

bills may be made. All of the defendants, except John J. Cole made default, service having been made on them by publication. John J. Cole, who was personally served, answered, first, a general denial, then a plea that more than two years had elapsed after said taxbills became a lien upon the property before the filing of the suit.

At the trial, which was by the court, a jury having been waived, when the taxbills were offered in evidence each of them was duly objected to by the defendant John J. Cole, on the ground that he (defendant) was not named therein and that did not make out a prima-facie case against him. The court asked counsel for plaintiff on what theory he proposed to hold John J. Cole, to which counsel answered that the proceeding was against the property and that defense is not pleaded and it is not in issue. Whereupon the court said: "I will hear the evidence and hear you on briefs." No exception was taken to this action of the court. Defendant Cole then made the further objection to the introduction of the taxbills, on the ground that no place was designated therein, in accordance with section 24 of the Charter, for the payment of the bills, and under that view the bills have not become due; and he made the further objection that they were dated on the twelfth of January, 1904, and the suit had been instituted on the thirtieth of April, 1907, and consequently, under the provisions of the Charter (section 25) the two years having elapsed, they were barred. The plea of the two-year statute which was set up as a bar by Cole in his answer was stricken out on motion, and as he has not appealed, we take no notice of this particular objection. The taxbills constituted all the evidence in the case, apart from testimony of a witness identifying the signatures of the president of the board of public improvements and the city comptroller to the taxbills.

During the course of the trial, when objecting to the return of the marshal as not showing service against

one of the defendants, counsel for John J. Cole stated: "Another objection which I desire to urge to the introduction of the taxbills is this, that a contract which would be implied as against a tenancy in common is joint and not several, and a proceeding cannot be had against one cotenant for the entire amount of the taxes, omitting the other cotenant. . . . I believe the taxbill is a joint obligation, if it is an obligation at all, and if it is a joint obligation they cannot proceed against one cotenant." After having taken the case under advisement, the court rendered judgment in favor of the defendant John J. Cole and against the other defendants on their default. The judgment declared the several taxbills a lien on the three lots mentioned. After the unsuccessful interposition of a motion for new trial and saving exceptions to the overruling thereof, the plaintiff has duly perfected an appeal to this court, and the case has been heard here on argument and briefs submitted by attorneys for plaintiff and by counsel for John J. Cole, the sole party named as respondent.

REYNOLDS, P. J. (after stating the facts).—It is urged by counsel for appellant that where a fact is admitted at the trial and the case is submitted to the court by both parties on that theory, no party will be allowed to advance upon appeal a different theory as to the facts admitted, and many cases, from Bray's Admr. v. Seligman's Admr., 75 Mo. 31, to Matousek v. Catholic Union, 192 Mo. 588, are cited in support of this proposition. There can be no question but that this rule is recognized by our courts as a correct rule of practice. Counsel claim the admission of cotenancy on the part of John J. Cole as arising on the remarks of counsel for John J. Cole which we have quoted. We cannot agree with the view counsel takes of those remarks. They were used in argument and by way of illustration, and cannot fairly be said to be such an admission as to deprive a party of any right he may have in a case.

Furthermore, even admitting that John J. Cole was a cotenant, in the view which we take of the case, it does not alter the situation.

It is further claimed that evidence admitted subject to objection, is admitted unless there is a later ruling excluding it, and it is claimed that because the taxbills were admitted subject to the objection and that the court made no further ruling on the objection, that they are therefore to be considered as in evidence. We cannot accede to this proposition. The court most cer-- tainly did not admit them as evidence, but. specifically announced that he would consider the objection to them when he considered the case, and his decision in the case most clearly shows that he sustained the objection and did not consider the taxbills as having made out a prima-facie case against John J. Cole. Even admit- ting they were evidence it was still open to the court to pass on their legal effect and probative force, as the judgment rendered unmistakably shows he did. Par- ties have a right to have objections passed on when made, but if they desire to stand on that right they must preserve it by proper exception.

It it further argued that the unpaid taxbills are prima-facie evidence that they have never been paid, Jaicks v. Merrill, 201 Mo. 91, l, c, 103, being cited in support of this. The citation hardly meets the propo- sition to which counsel cite it: namely, that it is prima- facie evidence against everybody. It is prima-facie evidence against all those named in it; not against those not named. In the Jaicks case the point was as to whether it was prima facie made out that certain in- stallments had not been paid when the suit was brought, the proof being that the first installment had not been paid, suit being thereupon brought on the whole taxbill, the ordinance providing that when any install- ment has not been paid when due that all subsequent ones shall be held to have matured and that action can thereupon be brought on them although not due on the

date of the suit. But all the parties defendant were named in the taxbill. That is not this case.

Another proposition made is, that the taxbills are prima-facie evidence that the ground upon which the work was done is a public street. That is granted. [See Seibert v. Allen, 61 Mo. 482.]

The final proposition and most material one is, that where one is a part owner and is not named in the taxbill, the latter is evidence against him of all the facts except as to his liability, and when his interest is admitted and he is a party to the suit to enforce the bill and offers no defense whatever, there should be a judgment enforcing the tax lien. We have disposed of the proposition made, that respondent's interest was admitted. Even if it was, that was no admission that he was named in the taxbills. The only case cited in support of the proposition that all parties defendant need not be named in the taxbill to make it prima-facie evidence against all is Vieths v. Planet P. and F. Co., 64 Mo. App. 207, l. c. 210. An examination of that case does not sustain the proposition. The taxbill there before the court was originally issued against a lot, naming the Planet Property and Financial Company alone as owner. It was subsequently amended by the addition of the names of the other defendants as owners. As thus amended, it was re-executed by the president of the board and the comptroller and re-registered in their respective offices, and the action was on the amended bill. The point in contention in that case was over the action of the special tax clerk in adding these names. The court held the contention untenable on the ground that until the city officials had issued a regular and complete taxbill, the right of amendment within the period of limitation remained to them, regardless as to whether the taxbill originally issued was void or voidable, or merely imperfect in some respect. The court, after citing authorities in support of this, holds that the trial court was right in deciding that the plaintiff

had made out a prima-facie case against all of the defendants named in it by offering in evidence the taxbills thus amended. The taxbills as amended included the names of all the defendants. In the case at bar, the defendant John J. Cole was not named in the taxbill and under the sections of the city charter and ordinances relied on and under which these taxbills are issued, they were not prima-facie evidence against John J. Cole.

In Kefferstein v. Knox, 56 Mo. 186, it is specifically and distinctly decided that a special taxbill is not prima-facie evidence against one not named therein. This decision, in this case, so far as we are informed, has never been overruled or questioned.

We are cited to no case and have found none ourselves in which it has been held that a taxbill such as that here relied upon, is prima-facie evidence against one not named in it. In this view of the case, it is not necessary to pass upon the proposition as to the omission to name the place of payment by endorsement upon the taxbills, and upon that proposition we express no opinion.

The judgment is affirmed. All concur.