BAMBRICK BROS. CONSTRUCTION CO., Respondent, v. DAVID McCORMICK, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 10, 1911. Opinion Filed May 2, 1911.

1. SPECIAL TAXBILLS: Charter of City of St. Louis: Pleading: Sufficiency of Petition: Prima Facie Case: Evidence. In an action on a special taxbill issued to a contractor pursuant to the provisions of the charter of the city of St. Louis, a petition alleging matters preliminary to the issuance of the bill, its amount, that plaintiff was its owner, that, on a certain date, the city marshal made return on a written notice from plaintiff to defendant of the issuance of the bill, in accordance with section 25 of article 6 of the charter, to the effect defendant could not be found in the city, and praying that the taxbill be adjudged a lien on the land described and that the land be sold, etc., states a cause of action; it being the settled law that the holder of the bill alleges, by legal intendment, the several steps necessary to a taxbill and its regularity by alleging the issuance of the bill, and he proves that by introducing the bill.

2. ———: ———: Evidence: Taxbill Prima Facie Evidence. Under section 25 of article 6 of the charter of the city of St. Louis, making special taxbills prima facie evidence of the regularity of the procedure, they are conclusive, unless a dereliction of duty or departure from the law or the charter is made to appear.

3. ———: ———: ———: ———: **Introduction of Ordinance.** In an action on a special taxbill issued to a contractor pursuant to the provisions of the charter of the city of St. Louis, the court is inclined to the belief that the introduction in evidence of the ordinance, under which the work was let and the taxbill issued, was unnecessary.

4. ———: ———: **Sufficiency of Taxbill: Evidence.** In an action on a special taxbill issued to a contractor pursuant to the provisions of the charter of the city of St. Louis, the taxbill sued upon, being in the usual form of such papers, and carrying on its face sufficient to show that the lot against which the lien was sought to be enforced was in the taxing district when it gave the area of that district, was properly received in evidence.

5. ———: ———: **Notice of Issuance of Taxbill: Conclusiveness of Marshal's Return.** Under section 25 of article 6 of the charter of the city of St. Louis, providing that the return of the city marshal as to the service of notice of the issuance of a special taxbill for public improvements shall be conclusive of the facts stated therein, evidence, in an action on such a special taxbill, is not admissible to contradict the marshal's return on such a notice, that defendant could not be found in the city.

6. ———: **Action Prematurely Brought: Theory at Trial: Estoppel: Appellate Practice.** In an action on a special taxbill, defendant, by tendering in his answer and depositing in court the amount he conceived to be the whole amount of the taxbill and costs, which tender he invoked after verdict, estopped himself from setting up the claim, on appeal, that the action on the whole bill was prematurely brought.

7. **TENDER: Insufficient Amount: Liability of Defendant.** Where defendant tenders in his answer, and deposits in court, the amount he claims to owe and costs, and such amount is not sufficient to pay the debt, interest and costs, he is liable for the difference.

8. ———: **Sufficiency: Costs to Be Deducted First.** Where defendant makes a tender and deposits it in court, the costs of the action should be first deducted therefrom, in determining its sufficiency as to amount.

9. **APPELLATE PRACTICE: Tender: Sufficiency: Costs: Conclusiveness of Judgment.** Where defendant tenders and deposits in court the amount he claims to owe and costs, the appellate court, in the absence of evidence to show the amount of costs, cannot determine whether the amount tendered was sufficient to cover the debt, interest and costs; and, in such a case, it will be presumed that a judgment for costs against plaintiff is correct.

10. **SPECIAL TAXBILLS: Sufficiency of Verdict: Finding Lien.** In an action on a special taxbill, where the ordinance under which the work was done provides that the amount found due shall be a lien on the property, a verdict, reciting that defendant was indebted to plaintiff in a certain amount "by reason of the special taxbill" (giving its number), is sufficient, as against the objection that it does not find a lien, to warrant a judgment establishing a lien against the property.

11. ———: **Charter of City of St. Louis: Prima Facie Case: No Countervailing Testimony: Questions for Jury.** In an action on a special taxbill, issued to a contractor pursuant to the provisions of the charter of the city of St. Louis, where the answer was a general denial and a tender of the amount defendant conceived he owed, and the taxbill, which made a prima facie case for plaintiff under section 25 of article 6 of the charter, was duly introduced in evidence, together with the ordinance under which the taxbill was issued and a notice from plaintiff to defendant of the issuance of the taxbill and the marshal's *non est* return thereon, and no countervailing evidence was introduced, there was no question of fact to submit to the jury, beyond calculating and finding the amount of interest due.

12. ———: **Charter of City of St. Louis: Place of Payment.** The provisions of section 24 of article 6 of the charter of the city of St. Louis, requiring the place of payment to be set out in special taxbills, are merely directory, and this section, construed in connection with section 26, which provides that payment made to the city treasurer, whose duty it shall be to receive it, or to the designated bank or trust company, shall be sufficient to procure entry of satisfaction of the taxbill, means that the important place of payment is at the office of the city treasurer, but that the holder of the bill has the option to designate another; and hence a special taxbill is not invalid because of its failure to state the place of payment.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Barclay, Fauntleroy & Cullen* for appellant.

(1) The petition does not state a cause of action; it omits essential averments: (a) It omits to aver that the lot is in the taxing district; an essential fact, not met by the averment that the lot is within a district

"defined and bounded by section 14, article 41" of the charter. That averment is a conclusion of law. (b) The petition omits to give enough of the substance or terms of the ordinance to show that the mode of assessing the special tax was authorized by law. Irwin v. Devors, 65 Mo. 625; Keane v. Klausman, 21 Mo. App. 489. (c) The petition fails to state enough to show that the "work" (whatever it may have been) done by plaintiff, was of such nature as to warrant the levy of the special tax in suit. St. Louis v. Stoddard, 15 Mo. App. 179; Mooney v. Kennett, 19 Mo. 551; Cox v. St. Louis, 11 Mo. 431. (d) The petition omits to aver that the ordinance was enacted on the recommendation of the Board of Public Improvements. That is a jurisdictional and essential fact. St. Louis Charter, art. 6, sec. 14; City v. Gleason, 89 Mo. 67; Rumsey Co. v. City, 21 Mo. App. 178; Irvin v. Devors, 65 Mo. 627. The right to subject property to such powers as eminent domain and taxation is strictly construed; "every prerequisite to the exercise of the jurisdiction" should be observed, and alleged. City v. Gleason, 89 Mo. 67; Heman v. Payne, 27 Mo. App. 481; Fore v. Hoke, 48 Mo. App. 254. (2) The trial court erred in giving a peremptory instruction to find for plaintiff for the full amount of all the 6 instalments, with 8 per cent interest from the date of suit, infringing upon the statutory right of trial by jury thereof. Gannon v. Gas Co., 145 Mo. 502; Barber Co. v. O'Brien, 128 Mo. App. 277. (3) An action prematurely brought cannot be maintained, but should be dismissed as to the part which is premature. Cheatham v. Lewis, 3 Johns. 42; Estis v. Tower, 102 Mass. 65; Gordon v. Parmelee, 15 Gray 413; Turk v. Stahl, 53 Mo. 437; Approved, McCoy v. Farmer, 65 Mo. 249; Heard v. Ritchey, 112 Mo. 516; Duryee v. Turner, 20 Mo. App. 34. (4) One instalment of an obligation (even of a note) is recoverable before the other instalments are due; so that suit for one instalment, before others are due (or can be made mature) cannot be considered a valid de-

mand for more than one. St. Louis Charter, sec. 25, Art. 6; Caples v. Branham, 20 Mo. 244. Future yearly instalments under the ordinance and charter bear no interest until they mature; so neither principal nor interest on more than one instalment was recoverable. Mail v. Portland, 35 Oreg. 89; Connor v. Paris, 87 Tex. 32. (5) A statutory privilege to mature such instalments is like a contract stipulation for maturity of whole debt on non-payment of an instalment thereof. It is only optional; it is not self-enforcing. The option must be exercised in some definite way. Lowenstein v. Phelan, 17 Neb. 429. The provisions of such an option must be strictly complied with. 20 Am. and Eng. Ency. L. (2 Ed.), p. 933; 22 Am. and Eng. Ency. L. (2 Ed.), p. 531. (6) When a right or an interest arises out of the exercise of a choice, called either an "option" (as here) or an "election," none accrues until some affirmative act to indicate such a purpose. U. S. v. Grundy, 3 Cranch 352; Welsh v. Anderson, 28 Mo. 299; Bradford v. Wolfe, 103 Mo. 399. (7) The notice of issue of the bill (on which alone any theoretical or constructive demand herein can be based) on which the return of "not found" was made by the marshal as the only foundation for suit (without actual notice) is insufficient; the trial court erred in admitting same in evidence. St. Louis Charter, sec. 25, art. 6. (8) The peremptory instruction for 8 per cent interest from date of suit was erroneous in any view of the law or of the evidence. In no event could any interest accrue (even on one instalment) until "30 days after notice as aforesaid" and, after maturity, only 6 per cent could be properly claimed thereon from notice till such maturity, in the most favorable construction possible for plaintiff of the terms of the charter. St. Louis Charter, sec. 25, Art. 6. (9) The verdict is not responsive to the issues. (a) It does not find on the issue of lien, the most material feature of plaintiff's demand, and the only subject of the plaintiff's prayer for judgment (except the demand for sale of the lot). Such

omission is a fatal defect in the verdict. Williams v. Porter, 51 Mo. 441; Hickman v. Byrd, 1 Mo. 495. (b) The verdict does not respond to the issue of "lien," as submitted to the jury by the court in the only instruction given and is hence erroneous and insufficient. Hall v. Johnson, 57 Mo. 521; Easton v. Collier, 1 Mo. 421; Rafferty v. Railroad, 15 Mo. App. 559. (c) The judgment is erroneous in adjudging a lien when there was no finding of lien by the jury. Brooks v. Blackwell, 76 Mo. 309.

*T. J. Rowe, Thos. J. Rowe, Jr.* and *Henry Rowe* for respondent.

(1) The petition states a cause of action. Turner v. Patton, 54 Mo. App. 654; Stifel v. Dougherty, 6 Mo. App. 441; Vieths v. Planet P. and F. Co., 64 Mo. App. 211, 136 Mo. App. 555, 87 Mo. App. 359, 79 Mo. App. 41, 73 Mo. App. 125; Lucas v. McCann, 50 Mo. App. 638; Hunt v. Hopkins, 66 Mo. 98. (2) Under the pleadings and defendant's admission, there was no question of fact to submit to the jury, consequently the instruction to find for plaintiff was proper. Veith v. Planet P. and F. Co., 37 Mo. App. 211. (3) The city marshal made a return of "not found" against defendant. The institution of the suit was notice to defendant and demand of payment. Article 6, sec. 25 of Charter of the City of St. Louis; Bambrick v. Campbell, 37 Mo. App. 465; Eyerman v. Provenchere, 15 Mo. App. 271. (4) The action being *in rem,* and not *in personam,* the law prescribed the form of the judgment. When the jurors under the court's instructions determined the amount due on the special taxbill, the law prescribed that the judgment should be a lien on the property and not against the person of defendant. The jurors had nothing to do with the question of lien, that was a question solely and only for the court. (5) The objection that no demand was made was not available. Section 2283, R. S. Mo. 1909; Section 2282, R. S. Mo. 1909.

(6)   Under the Statute of Jeofails, a judgment will not be reversed for any trivial informality.   Section 2119, R. S. Mo. 1909.

REYNOLDS, P. J.—This is an action on a special taxbill, issued by proper officials of the city of St. Louis, August 11, 1908; this action commenced January 25, 1909.   It was originally brought by attachment on the ground that defendant was a non-resident of this state. Order of publication issued and publication had.   Defendant appeared and filed his answer to the merits, whereupon the attachment was, as of course, dissolved, no bond having been given. [Sec. 370, R. S. 1899, as amended by Act of Feb. 28, 1907 (Laws 1907, p. 69), now section 2298, R. S. 1909.]   The petition, as amended at the trial, contains averments of matters preliminary to the issue of the taxbill.   It is for $62.94, and the petition concludes with the averment, after averring that plaintiff is owner and holder of the taxbill, that on December 17, 1908, the marshal of the city made return on a written notice from plaintiff to defendant of the issue of the tax bill, that defendant could not be found in the city of St. Louis.   Whereupon plaintiff prays judgment that the tax bill be adjudged a lien on the lot of ground described and that it be sold to pay the amount of the bill with interest, penalties and costs.

The answer was a general denial and the further answer by way of plea of tender, that "in order that there may be an end to any controversy between said parties, he (defendant) tenders to plaintiff hereby the sum of $70.39, in full payment of alleged demand of plaintiff herein and in full payment of all lawful costs; and again prays to be hence discharged with his costs."

This sum was paid into the registry of the court by defendant about June 21, 1909, when the answer was filed.

The cause came on for hearing before the court and a jury October 13, 1909.

Defendant admitted that the signatures of the President of the Board of Public Improvements and of the Comptroller to the special taxbill were the signatures of those officers. Plaintiff thereupon offered the special taxbill in evidence. Defendant objected, claiming omissions in the original petition. Plaintiff, by leave, amended, defendant excepting. Whereupon defendant objected to the introduction of the taxbill as defective in these particulars: No place of payment is designated in it; the taxbill does not show on its face that the property is within the taxing district. These objections being overruled, defendant excepting, the taxbill was read in evidence. It is not necessary to set it out in full. It gives the location of the lot, its dimensions and area, and the number of the ordinance and contract under which the work was done, names defendant as owner and sets out the total cost of the improvement and "amount chargeable against area of the district," and "total areage in district taxed." At the foot of it is this blank, not filled up: "St. Louis ———— I hereby designate ———— to receive payment of the within special taxbill. ————, Contractor." There are also six blank receipts for installments of payments, the bill being payable in six installments. Plaintiff then offered and read the notice on which the city marshal had made his return. It is admitted that the notice is signed by the president of plaintiff, a corporation. It appeared by statement of counsel that the notice is without date, and that it was a notice of demand by plaintiff of payment by defendant at office of plaintiff. It is not in the abstract. Objected to, in that it does not state any place where the bill was to be paid. Objection overruled, defendant excepting. The return of the marshal was of date Dec. 17, 1908, and set out that "after diligent search by the marshal, the within named defendant cannot be found in the city of St. Louis at said time—." This was plaintiff's evidence in chief.

Defendant offered to prove by a witness present and sworn, that at the time of the return by the marshal, and before and since then, defendant was a well-known resident of the city and of this state, with a known place of residence. Objected to and the evidence excluded, defendant excepting. He then offered and read in evidence the ordinance authorizing the improvement of Klemm street. Plaintiff objected as tending to prove an affirmative defense not pleaded and otherwise immaterial. This was all of defendant's testimony, offered or admitted. There was no other testimony.

The court instructed the jury that they should find for plaintiff and against defendant in the sum of $62.94 and interest thereon from January 25, 1909, at 8 per cent per anum and the same to be a lien against the real estate described in the petition. Defendant duly saved exception to the giving of this and asked the court to give three. First, that under the pleadings and evidence, plaintiff was not entitled to recover any sum in excess of $10.49, with interest thereon at eight per cent per annum from February 24, 1909, to this date. Second, that under the pleadings and evidence plaintiff was not entitled to recover any interest at any rate upon any sum greater than $10.49 from any date whatsoever. Third, that under the pleadings and evidence plaintiff was not entitled to recover any sum in this action because the alleged taxbill in suit does not conform to the requirements of the charter of the city of St. Louis. These were refused, defendant excepting.

The jury returned a verdict finding: "That the defendant is indebted to the plaintiff by reason of a special taxbill No. 4747 upon which this suit is founded in the sum of $66.54." The verdict having been handed in and the jury discharged, this occurred: Counsel for defendant, addressing the court, said that the court would notice their tender, reading it from the answer. The court said in reply to this: "It is impossible now to say under this tender and the verdict of the jury whether

the tender is sufficient or not." He suggested that counsel figure that out and he would enter judgment after it was figured up and a computation made, and he would then see whether the tender was sufficient; that the statute requires the tender to cover costs that have accrued as well as the acknowledged debt. To this counsel replied, that the tender was intended to include everything that defendant was liable for at the time of the tender. No statement of the amount of costs appears in the abstract. Judgment was afterwards entered up on this verdict, establishing that amount as a lien against the property. Motion for new trial, assigning fifteen grounds, was duly filed by defendant. A motion in arrest was also filed, assigning three grounds. We do not set out either motion here, confining ourselves to the assignments of error made before us. Both of these motions were overruled, exception duly saved, appeal prayed for and granted, bill of exceptions duly filed. The case now is here on defendant's appeal.

Counsel makes eleven assignments of error. First, that the petition does not state facts sufficient to constitute a cause of action; second, error of the court in overruling objections of defendant to the introduction of testimony; third and fourth, error of the court in instructing the jury to find for plaintiff for the full amount of the special taxbill with eight per cent interest from date of suit; fifth, error of the court in holding sufficient the notice of the issuance of the taxbill in suit and in excluding evidence that defendant was always a resident of Missouri, with a place of abode in St. Louis; sixth, error in not submitting to the jury the issues joined in the case; seventh and eighth, error in overruling the motion for new trial and in arrest; ninth, error in entering up judgment for an excessive amount; tenth, the verdict contains no finding as to any lien; eleventh, that the judgment of lien is consequently erroneous.

Disposing of the first and second assignments of error, which are practically the same, we cannot agree

that the petition, as amended, fails to state a cause of action entitling plaintiff to put in its evidence in the case. [Turner v. Patton, 54 Mo. App. 654; Vieths v. The Planet P. and F. Co., 64 Mo. App. 207; Bank v. Wright's Trustee, 68 Mo. App. 144; Paving Co. v. Bath Co., 136 Mo. App. 555, which see l. c. 557 for a very full citation of the cases.] In the Vieths case, a decision by this court, the necessary averments of a petition in a case such as this are set out and we find, on examination and comparison, that in all essentials the petition before us falls within what is there held to constitute a good petition. It is further held in the Vieth case (l. c. 211): "A general denial puts in issue only such facts as are included in the allegations necessary to the support of the plaintiff's case." This is followed by the Kansas City Court of Appeals in Paving Co. v. Bath Co., supra, l. c. 557, 118 S. W. 519, and in several other cases. That court in Cushing v. Powell, 130 Mo. App. 576, 109 S. W. 1054, and this court in Fruin v. Meredith, 145 Mo. App. 586, 122 S. W. 1107, following the Kansas City Court of Appeals in the Cushing case, applied the same rule as there set out, dealing with the taxbill as evidence: not treating of a question of pleading. In the Cushing case and again in the Paving Company case, the Kansas City Court of Appeals has said: "The holder of the bill by legal intendment alleges the several steps necessary to a taxbill and its regularity by alleging the issuance of the bill and he proves that by introducing the bill." This is the settled and accepted law on this proposition.

It was open to defendant in this case to have pleaded and given evidence of the failure of the Board of Public Improvements to recommend the passage of this ordinance. He did neither. Nor did he give any evidence nor plead any facts concerning the taxing district, nor any other matters that in any way destroyed the force and effect of the special taxbill offered in evidence. While it is true that the property of the citizen

is not to be taken for public use except in strict compliance with law, the charter makes these taxbills prima facie evidence of regularity of procedure, and they are conclusive unless the dereliction of duty or departure from the law or the charter is made to appear. The ordinance, under which the work was let and the special taxbill issued, was introduced in evidence, and we are inclined to think, unnecessarily, on the authority of Bambrick v. Campbell, 37 Mo. App. 460. Even with that in, there was no lack of compliance with law appearing upon it that would render the special taxbill invalid.

The taxbill here in evidence is in the usual form of such papers. It carried on its face sufficient to show that the lot was in the taxing district when it gave the area of that district, and it was properly received in evidence.

Section 25, in article 6, of the charter of the city of St. Louis, provides, among other things, in its first clause, that when the taxbill is issued it becomes a lien on the property charged therewith and may be collected of the owner of the land in the name of and by the contractor as any other claim in any court of competent jurisdiction, with interest at the rate of six per cent per annum after thirty days from notice of its issue, and if not paid within six months after such notice, then at the rate of eight per cent per annum from the date of the notice, provision being made for the rate of interest when the bills are payable in installments at specified rates of interest; the language of the section as to this being: ''Provided, however, that special taxbills payable in installments shall bear interest as hereinafter provided.'' It is further made the duty of the city marshal, by that same section, at the request of the holder or owner of any special taxbill, to serve upon the party named in it a notice of the issue thereof, service to be made as provided by law for service of writs of summons in civil cases. It is specifically provided: ''The return of the

157 App.—14

city marshal as to service shall be conclusive of the facts therein stated, and any person, who may be injured by a false return shall have his right of action for damages resulting therefrom against the marshal on his official bond. . . . Whenever the marshal shall make a return of 'not found' against any party, the institution of suit thereafter shall be deemed and taken to be the equivalent of such notice of and demand of payment. In case the owner of the ground is a non-resident of the state, suit may be brought by attachment, which shall be. equivalent to notice, and a demand for payment."

Under this section of the charter, the court made no error in excluding the testimony offered in this proceeding to contradict the return of the marshal. In this case and for the purposes of this action that return imported absolute verity.

We are relieved of the necessity of here determining whether this action was prematurely brought by plaintiff on the whole taxbill, by the act of defendant in practically waiving that by tender of what he conceives and claims to be.the whole amount of the taxbill and costs, which he says in his answer he does "in order that there may be an end to any controversy between the parties." We think that defendant has, by his tender, and which tender he invoked after verdict, waived this question and is now estopped from setting up the claim that the action was brought prematurely. [Giboney v. German Ins. Co., 48 Mo. App. 185, l. c. 192.] If this amount tendered was not sufficient to pay the debt, interest and costs, then defendant is liable for the difference. [Audenreid v. Hull, 45 Mo. App. 202.] The rule is, that when a tender is made and the amount deposited in court, costs are first to be deducted. [Grafeman Dairy Co. v. St. Louis Dairy Co., 96 Mo. App. 495, 70 S. W. 390.] We are unable to determine whether the amount tendered was sufficient to cover costs as well as the amount of the taxbill and interest, as there is no evidence to show us the amount of costs. The fact that the court rendered judg-

ment against plaintiff for costs, concludes us on this, as that action is presumably correct.

Objection is made to the entry of the judgment for the lien, in that the verdict does not itself find a lien. We do not think this verdict is lacking in that respect. It says in so many words that defendant is indebted to plaintiff "by reason of the special taxbill," giving its number. The ordinance itself provides that when that is found to be the case, the amount shall be a lien against the property mentioned. There was no error in the circuit court rendering judgment on that verdict, establishing a lien for the amount of the judgment against the property mentioned.

It is claimed that questions of fact should have been submitted to the jury. There was no question of fact to submit to the jury, beyond calculating and finding the interest. [Vieths v. Planet Co., supra.]

The Springfield Court of Appeals, in the case of Bituminous Paving Co. v. McManus, 144 Mo. App. 593, l. c. 610, 129 S. W. 448, held, with reference to the point made against the special taxbill then in suit, now made against this one, namely, that no place of payment is designated in it, that the provision in section 24 of the city charter, requiring the place of payment to be set out in the taxbill, is directory, merely, not mandatory, and that its omission did not invalidate the taxbill. This same point was made before us in the case of Parker-Washington Co. v. Cole, 137 Mo. App. 530, 120 S. W. 118, but on the facts in that case upon which that decision turned, it was not considered necessary to pass upon this point. On full consideration we now hold with the Springfield Court of Appeals, that in the absence of the designation of any specific place, a tender at the office of the city treasurer will be sufficient, and the blank for designation of the place of payment being left unfilled, does not invalidate the bill. We hold this, in addition to holding that the requirement is not mandatory, on the ground that it was unnecessary to fill it.

Construing this section 24 in connection with section 26, it seems clear that the important, real place of payment is the office of the city treasurer of the city, the holder of the bill having the option to designate another. Section 26 specifically provides: "Payment made to the city treasurer, whose duty it shall be to receive and receipt for the same, if tendered, or to the designated bank or trust company, shall be sufficient to procure the partial or total entry of satisfaction of such taxbill, as the case may be, in the office of the comptroller on presentation to the comptroller of the taxbill duly receipted, or on presentation of the receipt of the city treasurer or of such designated bank or trust company showing such payment. All payments made to the city treasurer shall be by him paid over to the party or parties entitled thereto upon the warrant of the auditor."

Our conclusion upon the whole case is that there is no reversible error to the prejudice of defendant and that the judgment of the circuit court should be and it is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.